728 So.2d 1165 (1998)
Vincent Faustino RIVERA, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 92,601.
Supreme Court of Florida.
December 10, 1998.

SANCTION ORDER
Vincent Faustino Rivera, inmate No. 518548, petitioned this Court for a Writ of Habeas Corpus. On October 9, 1998, this Court denied the petition as procedurally barred and issued an order to Rivera requiring that he show cause why this Court should not prohibit him from submitting further procedurally barred or otherwise frivolous filings. The show cause order was based on the following:
Vincent Faustino Rivera, inmate No. 518548, is currently serving a life sentence for two murders committed in 1990. In the instant petition for writ of habeas corpus, Rivera is attempting to appeal to this Court the dismissal of an appeal filed in the First District Court of Appeal. A petition for extraordinary relief is not a second appeal and cannot be used to litigate or relitigate issues which could have been or were raised on direct appeal or in prior post conviction proceedings. See Breedlove v. Singletary, 595 So.2d 8, 10 (Fla.1992); Mills v. Dugger, 574 So.2d 63, 65 (Fla.1990). Accordingly, this petition is denied as procedurally barred.
While Rivera did not directly appeal his murder convictions, thereafter, he has overburdened the court system with challenges to his confinement. Prior to filing the present petition on February 23, 1998, Rivera had filed at least twenty petitions in this Court. Most of those petitions challenged either his convictions, sentences, or disciplinary actions taken against him which he had already litigated. See Rivera v. State, No. 93,218[, 718 So.2d 170] (Fla. Jun.1, 1998); Rivera v. State, No. 93,066[, 717 So.2d 536] (Fla. May 29, 1998); Rivera v. Arnold, No. 93,015[, 717 So.2d 536] (Fla. May 21, 1998); Rivera v. Department of Corrections, No. 93,011[, 717 So.2d 536] (Fla. May 21, 1998); Faustino [Rivera] v. State, 703 So.2d 476 (Fla.1997) (No. 91,970); Rivera v. State, 703 So.2d 477 (Fla.1997) (No. 91,964); Rivera v. State, 703 So.2d 477 (Fla.1997) (No. 91,963); Rivera v. Department of Corrections, 703 So.2d 477 (Fla.1997) (No. 91,874); Rivera v. State, 705 So.2d 10 (Fla.1997) (No. 91,844); Rivera v. State, 705 So.2d 10 (Fla. 1997) (No. 91,800); Rivera v. Department of Corrections, 701 So.2d 868 (Fla.1997) (No. 91,676); Rivera v. Department of Corrections, 700 So.2d 687 (Fla.1997) (No. 91,555); Rivera v. State, 707 So.2d 1126 (Fla. 1997) (No. 91,464); Rivera v. Department of Corrections, 705 So.2d 10 (Fla.1997) (No. *1166 91,439); Rivera v. Department of Corrections, 701 So.2d 868 (Fla.1997) (No. 91,438); Rivera v. Department of Corrections, No. 90,831 (Fla. June 27, 1997); Rivera v. State, 705 So.2d 10 (Fla.1997) (No. 90,788). In addition, since the filing of this petition, Rivera has filed numerous additional petitions in this Court.
Rivera has filed petitions in other district courts of this State as well. See Rivera v. State, 702 So.2d 499 (Fla. 2d DCA 1997); Rivera v. State, 702 So.2d 499 (Fla. 2d DCA 1997); Rivera v. State, 702 So.2d 499 (Fla. 2d DCA 1997). This listing only includes reported decisions.
Finally, the United States Supreme Court recently denied five certiorari petitions filed by Rivera. See Rivera v. Florida, ___ U.S. ___, 118 S.Ct. 1372, 140 L.Ed.2d 520 (1998) (denying certiorari review from this Court's decision in Rivera, 703 So.2d at 477, and the Second District's decision in Rivera, 702 So.2d at 499); Rivera v. Florida Dep't of Corrections, ___ U.S. ___, 118 S.Ct. 888, 139 L.Ed.2d 874 (1998); Rivera v. Arocho, ___ U.S. ___, 118 S.Ct. 570, 139 L.Ed.2d 409 (1997); Rivera v. Parker, ___ U.S. ___, 118 S.Ct. 425, 139 L.Ed.2d 326 (1997).
As the United States Supreme Court has stated, "[E]xtraordinary writs are, not surprisingly, `drastic and extraordinary remedies,' to be `reserved for really extraordinary causes,' in which `appeal is clearly an inadequate remedy.'" In re McDonald, 489 U.S. 180, 185, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (quoting Ex parte Fahey, 332 U.S. 258, 259-60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947)).
Rivera has flooded the courts with frivolous petitions, appeals, and other filings requesting relief to which he was not entitled. This Court has recognized that "[t]he resources of our court system are finite and must be reserved for the resolution of genuine disputes." Aysisayh v. State, No. 89,927[, 701 So.2d 867] (Fla. Sept. 23, 1997) (order denying habeas corpus); see Aysisayh v. State, 701 So.2d 867 (Fla.1997) (table report of unpublished order), cert. denied ___ U.S. ___, 118 S.Ct. 888, 139 L.Ed.2d 875 (1998). As noted by the United States Supreme Court, "[E]very paper filed with the Clerk of this
Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184[, 109 S.Ct. 993].
Rivera responds to this Court's order to show cause by continuing to contest the results of his appeal. Rivera should have raised the claims he raises here in the district court. Since the 1980 constitutional revisions, the district courts now constitute the courts of last resort for the vast majority of litigants. In re Amendments to Fla. Rules of Appellate Procedure, 609 So.2d 516, 526 (Fla.1992). This Court has already ruled that the merits of Rivera's case will not be heard again. Accordingly, this Court finds no justification to allow Rivera to continue to file procedurally barred petitions and that Rivera's continuous filings have substantially interfered with the orderly process of judicial administration. This Court has a responsibility to ensure every citizen's access to courts. To further that end, this Court has prevented abusive litigants from continuously filing frivolous petitions, thus enabling the Court to devote its finite resources to those who have not abused the system. See Attwood v. Singletary, 661 So.2d 1216, 1217 (Fla.1995). Consequently, this Court exercises its inherent authority to prevent the abuse of the judicial system, and bars Rivera from any future filings concerning issues which should have been or actually were raised on appeal or in prior postconviction proceedings and which do not clearly invoke this Court's exclusive jurisdiction pursuant to Article V, Section 3(b)(1)-(6), of the Florida Constitution. We caution Rivera that further abuses of the judicial process could result in additional sanctions, including, but not limited to, sanctions under either section 944.279 or section 944.28(2)(a), Florida Statutes (1997).
It is so ordered.
OVERTON, SHAW, KOGAN, WELLS and PARIENTE, JJ., concur.