737 So.2d 565 (1999)
Kevin GAITER, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-01891.
District Court of Appeal of Florida, Third District.
June 9, 1999.
Rehearing Denied July 14, 1999.
Kevin Gaiter, in proper person.
Robert A. Butterworth, Attorney General, and Sylvie Perez-Posner, Assistant Attorney General, for appellee.
Before COPE, GODERICH and SORONDO, JJ.
PER CURIAM.
Kevin Gaiter appeals an order by the trial court denying his petition for writ of habeas corpus, seeking postconviction relief. We affirm.
As defendant-appellant Gaiter's first point, he argues that he was entitled to discharge under the speedy trial rule and that the trial court erroneously denied his motion for discharge. This issue was raised by petition for writ of prohibition, filed by defendant's counsel at the time the motion for discharge was denied in 1993. This court denied the petition by unpublished order. See Gaiter v. Genden, 620 So.2d 770 (Fla. 3d DCA 1993). Under this court's precedent, the denial of the petition constituted a ruling on the merits. See Obanion v. State, 496 So.2d 977 (Fla. 3d *566 DCA 1986).[*] Defendant subsequently filed a postconviction petition for habeas corpus in this court raising this issue, which was also denied. See Gaiter v. Singletary, 675 So.2d 134 (Fla. 3d DCA 1996). The claim is therefore procedurally barred. "Habeas corpus is not to be used for additional appeals of issues that could have been, should have been, or were raised on appeal or in other postconviction motions." Mills v. Dugger, 559 So.2d 578, 579 (Fla. 1990).
Defendant's second issue challenges the admission of certain evidence at trial. The substance of this claim has been the subject of a previous postconviction motion, which was denied by the trial court and affirmed without opinion by this court. See Gaiter v. State, 702 So.2d 502 (Fla. 3d DCA 1997). This claim, too, is impermissibly successive.
Affirmed.
NOTES
[*] In denying the petition, this court necessarily accepted the State's interpretation of the trial court order staying proceedings, which explicitly addressed the speedy trial rule and had the effect of extending the speedy trial period.