734 So.2d 1179 (1999)
Emory HARVEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2443.
District Court of Appeal of Florida, Third District.
June 23, 1999.
Emory Harvey, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
SORONDO, J.
Defendant Emory Harvey appeals from an order of the trial court denying his 3.800(a) motion to correct sentences. Finding no meritorious issues, we affirm.

ON ORDER TO SHOW CAUSE
We have carefully reviewed the history of this case and found the following: The record reflects that this defendant has filed six prior post conviction motions, three regarding case number 77-25205 and three regarding case numbers 90-18417 and 90-19890. All of these motions have been denied by the trial court and affirmed by this court on appeal. See Harvey v. State, 699 So.2d 1385 (Fla. 3d DCA 1997); Harvey v. State, 699 So.2d 695 (Fla. 3d DCA 1997); Harvey v. State, 698 So.2d 854 (Fla. 3d DCA 1997); Harvey v. State, 673 So.2d 41 (Fla. 3d DCA 1996); Harvey v. State, 623 So.2d 631 (Fla. 3d DCA 1993); Harvey v. State, 383 So.2d 770 (Fla. 3d DCA 1980). Moreover, the Florida Supreme Court has denied the defendant habeas corpus relief. See Harvey v. Singletary, 642 So.2d 1362 (Fla.1994). In his most recent motion to correct illegal sentences, his seventh post conviction motion overall, the defendant raises five issues attacking the validity of his convictions, which are clearly not cognizable pursuant to Florida Rule of Criminal Procedure 3.800(a).
In keeping with the procedure employed by the Florida Supreme Court in Rivera v. State, 728 So.2d 1165 (Fla.1998), we issued a rule to show cause, ordering the defendant to show cause why he should not be prohibited from filing "further pro se appeals, petitions or motions regarding the *1180 convictions and sentences imposed in lower case numbers 77-25205, 90-18417 and 90-19890, unless such pleadings are signed by a member of the Florida Bar." In response, the defendant tracks the history of his post-conviction pleadings, arguing that they were filed in good faith, and explaining that because he is proceeding pro se it takes him longer "to recognize errors that occurred during his judicial proceedings." We find neither reason persuasive. Both reasons are based on the defendant's alleged ignorance of the law. Such ignorance does not excuse an abuse of process. The defendant's suggestion that it takes him longer "to recognize errors" in his judicial proceedings ignores the reality that no harmful errors were committed by the lower court in his cases. If this court were to accept the defendant's reasoning, it would be doomed to endure endless, spurious litigation born of the defendant's delusion that he was wrongly convicted and sentenced on a 22 year old case and two more recent cases in which he pled nolo contendere (90-19890B) and guilty (XX-XXXXXXD).
The defendant is abusing the judicial process by filing successive motions that attempt to litigate issues that were, could or should have been raised in prior proceedings. Those claims which are not repetitive are completely baseless. The Florida Supreme Court has recently recognized that "[t]he resources of our court system are finite and must be reserved for the resolution of genuine disputes." Rivera, 728 So.2d at 1166. In this light, we direct the clerk of this court to reject any further pro se appeals, petitions or motions from Emory Harvey regarding the convictions and sentences imposed in lower case numbers 77-25205, 90-18417 and 90-19890, unless such pleadings are signed by an attorney. See Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999); Hall v. State, 690 So.2d 754 (Fla. 5th DCA 1997), review denied, 705 So.2d 570 (Fla.1998); Dennis v. State, 685 So.2d 1373, 1375 (Fla. 3d DCA 1996).
We also advise the defendant that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to the forfeiture of all or any part of his or her accumulated gain time. See § 944.28(2)(a), Fla. Stat. (1997); Duncan; Gorge v. State, 712 So.2d 440, 440 n. 1 (Fla. 3d DCA 1998); O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA), review denied, 697 So.2d 511 (Fla.1997).
Affirmed.