781 So.2d 489 (2001)
Wayne D. CARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-29.
District Court of Appeal of Florida, Fifth District.
March 23, 2001.
*490 Wayne D. Carnes, Starke, pro se.
No Appearance, for Appellee.
PER CURIAM.
We affirm the trial judge's denial of Carnes' motion filed pursuant to Florida Rule of Criminal Procedure 3.800, and the trial court's order prohibiting any further pro se pleadings. After ordering a show cause response and having considered it, we enter a similar order for this court.
In 1999, this court issued an opinion as follows:
We prohibit Carnes from filing any more frivolous appeals, pleadings, petitions, or motions. There will be consequences if he persists. First, any future violations of this court's instruction will result in an order directed to the Department of Corrections to forfeit Carnes's gain time pursuant to sections 944.279, 944.28(2)(a), Florida Statutes (1997). See Rivera v. State, 728 So.2d 1165 (Fla.1998); Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997); Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997), rev. granted, 698 So.2d 576 (Fla. 5th DCA 1997). Second, this court will issue a show cause order pursuant to State v. Spencer, 751 So.2d 47, 1999 WL 742294 (Fla. Sept.23, 1999), as to why he should not be denied further access to this court.
Carnes v. State, 745 So.2d 569 (Fla. 5th DCA 1999).
The Florida Supreme Court held, however, that we do not have the authority to have a prisoner's gain time forfeited. Hall v. State, 752 So.2d 575 (Fla.2000). After Hall was decided, Carnes decided to return to this court. Therefore, we exercise the one power we do have.
First, we affirm that portion of the trial court's order precluding Carnes from filing any further pro se pleadings attacking his judgment and sentence.
Second, we have reviewed Carnes' response to our show cause order issued pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se post-conviction pleadings if it first provides a pro se litigant notice and an opportunity to respond). Finding no merit to that response, and because Carnes has repeatedly abused the judicial system in this regard, we think he qualifies for this court's "Enough Is Enough" rule. See, e.g., Werts v. State, 722 So.2d 982, 982 (Fla. 5th DCA 1999); Davis v. State, 705 So.2d 133, 135 (Fla. 5th DCA 1998); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995).
Accordingly, we prohibit Wayne Dexter Carnes from filing any additional pro se appeals, pleadings, motions and petitions relating to his 1992 case. Any further pleadings filed in this court relating to his judgment and sentence in that case must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se pleadings or filings *491 from Carnes related to case number 92-31615-CFAES.[1]
AFFIRMED.
THOMPSON, C.J., SHARP, W. and PLEUS, JJ., concur.
NOTES
[1] See Carnes v. State, 637 So.2d 252 (Fla. 5th DCA 1994);

Carnes v. State, 698 So.2d 847 (Fla. 5th DCA), rev. dismissed, 699 So.2d 1371 (Fla. 1997);
Carnes v. State, No. 97-3549 (Fla. 5th DCA), rev. dismissed, 705 So.2d 901 (Fla.1998); Carnes v. State, 725 So.2d 1134 (Fla. 5th DCA), rev. dismissed, 728 So.2d 200 (Fla. 1998);
Carnes v. State, 724 So.2d 694 (Fla. 5th DCA 1999), rev. dismissed, 770 So.2d 156 (Fla.2000);
Carnes v. State, 741 So.2d 508 (Fla. 5th DCA 1999);
Carnes v. State, No. 99-2729 (Fla. 5th DCA 1999);
Carnes v. State, 745 So.2d 569 (Fla. 5th DCA 1999), rev. dismissed, 767 So.2d 454 (Fla.2000);
Carnes v. State, 747 So.2d 950 (Fla. 5th DCA 1999), rev. dismissed, 751 So.2d 1250 (Fla.2000).