781 So.2d 1172 (2001)
Randy Steven MARTIN, Petitioner,
v.
Michael W. MOORE, Sec. FL. Dept. of Corr., etc., Respondent.
No. 3D00-1772.
District Court of Appeal of Florida, Third District.
April 11, 2001.
*1173 Randy Steven Martin, in proper person.
Robert A. Butterworth, Attorney General, and Margaret Brenan, Assistant Attorney General, for respondent.
Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Petitioner, Randy Steven Martin, seeks a Writ of Habeas Corpus. Finding no meritorious issues, we deny.

ON ORDER TO SHOW CAUSE
Based upon the court's careful review of the history of this case, and in keeping with the procedure employed by the Florida Supreme Court in Rivera v. State, 728 So.2d 1165 (Fla.1998), we find that "the defendant is abusing the judicial process by filing successive motions that attempt to litigate issues that were, could or should have been raised in prior proceedings. Those claims that are not repetitive are totally baseless." Harvey v. State, 734 So.2d 1179 (Fla. 3d DCA 1999).
The appeal of the denial of the defendant's first motion for post conviction relief, case number 91-136, was dismissed by this court as untimely on January 29, 1991 without prejudice to seek a belated appeal. On February 11, 1991, defendant filed a motion for reconsideration, which was denied. On June 24, 1992, defendant appealed the denial of his second motion for post conviction relief. This court treated that appeal as a petition for writ of habeas corpus seeking a belated appeal. The court granted the petition, considered the appeal, and affirmed. See Martin v. State, 623 So.2d 856 (Fla. 3d DCA 1993). On October 5, 1995, the defendant appealed the denial of what he entitled his "motion for rehearing," which the circuit court treated as a successive rule 3.850 motion and denied. We affirmed. See Martin v. State, 684 So.2d 1367 (Fla. 3d DCA 1996). During the state court proceedings listed above, the defendant filed three federal habeas petitions in the United States District Court for the Southern District of Florida. The first two were dismissed without prejudice; the third was dismissed as untimely. He also filed a petition for writ of habeas corpus in the Florida Supreme Court. That petition was denied. See Martin v. Singletary, 717 So.2d 534 (Fla.1998).
Accordingly, we direct the clerk of this court to reject any further appeals, petitions, or motions from Randy Steven Martin regarding the conviction and sentences imposed in lower court case no. 89-27519 unless such pleadings are signed by an attorney. See Harvey v. State, 734 So.2d 1179, 1180; see also Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999); Dennis v. State, 685 So.2d 1373 (Fla. 3d DCA 1996).