790 So.2d 506 (2001)
John P. MAGGARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-700.
District Court of Appeal of Florida, Fifth District.
June 22, 2001.
John P. Maggard, Bushnell, pro se.
No Appearance for Appellee.
COBB, J.
After getting out of prison in 1975, the defendant, John P. Maggard, murdered Hugh Fazende in July 1976. He was convicted in Orange County of first-degree murder and sentenced to death in 1977. Although the Florida Supreme Court vacated his death sentence, it affirmed his conviction. Maggard v. State, 399 So.2d 973 (Fla.1981), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981).
He filed his first petition for writ of habeas corpus in the United States District Court which was denied. He then appealed the denial of the habeas corpus through the Circuit Court of Appeals to the United States Supreme Court which denied certiorari. Maggard v. Dugger, 486 U.S. 1024, 108 S.Ct. 1999, 100 L.Ed.2d 230 (1988).
Maggard then filed a petition for writ of habeas corpus in this court in No. 5D88-1520, alleging ineffective assistance of appellate counsel. It was transferred to the Florida Supreme Court and denied on December 14, 1988, without prejudice to file a Rule 3.850 motion. Instead, he sought rehearing, which was denied. Maggard v. Dugger, 541 So.2d 1172 (Fla.1989).
Maggard then filed his first 3.850 motion in the trial court. Significantly he argued, among other things, that the police threatened to charge a witness, Norman Robbins, with the homicide if Robbins did not testify against Maggard. Therefore, Robbins did testify falsely against him. His motion was summarily denied by the trial court and then affirmed by this court, who also denied rehearing. Maggard v. State, 553 So.2d 1184 (Fla. 5th DCA 1989). For the second time, he sought habeas corpus relief in the Florida Supreme Court. It *507 was denied. Maggard v. Dugger, 564 So.2d 487 (Fla.1990).
In March 1993, Maggard filed a second Rule 3.850 motion for post-conviction relief alleging newly discovered evidence, again arguing that Robbins testified falsely. The trial court denied his 3.850 motion, finding the matters were, could have been, or should have been raised on direct appeal or in his prior 3.850 motion. Maggard moved for rehearing which was denied. He appealed, and this court per curiam affirmed. Maggard v. State, 623 So.2d 508 (Fla. 5th DCA), review dismissed, 626 So.2d 207 (Fla.1993). For the third time, he sought habeas corpus relief in the Florida Supreme Court. It was denied. Maggard v. Singletary, 630 So.2d 1100 (Fla.1993).
He next returned to the federal court and filed his second habeas corpus petition in the District Court again asserting Robbins provided perjured testimony. It was denied as an abuse of the writ, so he appealed. The Court of Appeals held that Maggard was entitled to an evidentiary hearing to show cause as to why he did not raise the claim of perjury by a prosecution witness in his first petition. After that evidentiary hearing, the magistrate found that the testimony of Robbins was "not credible" and in fact was "evasive, vague, and internally inconsistent." Maggard v. Singletary, 23 F.Supp.2d 1367, 1370 (M.D.Fla.1998). The magistrate ruled that Maggard: (1) failed to show cause why he did not raise his claim in his first petition, and (2) failed to show that he would be prejudiced, or that a fundamental miscarriage of justice would result, from not considering his claim. Thus, he recommended the petition be dismissed as an abuse of the writ. On remand, the District Court adopted the magistrate's opinion and dismissed his petition with prejudice. Id. He appealed, and the Eleventh Circuit denied relief on April 19, 1999, without a written opinion. He again petitioned for certiorari in the United States Supreme Court. Once again, certiorari was denied. Maggard v. Moore, 528 U.S. 903, 120 S.Ct. 241, 145 L.Ed.2d 202 (1999).
Now, twelve years after he first raised this claim, he seeks review of his third Rule 3.850 motion which again alleges newly discovered evidence regarding Robbins' alleged perjury. The trial court denied relief by finding that his motion was successive and, even if it was newly discovered evidence, it was not newly discovered within the last two years as required by the rule. The court also stated: "Defendant's responses to orders denying his motions have been equally invariable: He seeks out a new judicial audience for his claims, either by filing in a new court or by refiling in a court which previously denied the claims, perhaps in the hope of finding a more receptive judge. This must stop." Because of his repeated filings, the trial court ordered Maggard to show why he should not be barred from further filings. The court said his response, "[f]ar from convincing the court why he should not be barred ... illustrates the need for such a bar." It concluded Maggard's "successive, procedurally barred, or otherwise meritless pro se motions ... waste judicial resources which could otherwise be spent for the benefit of the public, including pro se prisoners with legitimate need for timely access to the courts." Thus, he was "barred from future pro se filings in the Ninth Judicial Circuit Court of Florida. Defendant may file in this Court only if that filing is endorsed by the signature of a member of the Florida Bar."
Maggard again appeals. He has raised this claimthat Norman Robbins testified falselyseveral times before. This court has consistently taken the approach of barring defendants who abuse the process from further filings. See, e.g., O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA 1997) *508 (directing post-conviction litigants to the Criminal Appeal Reform Act of 1996 which provides that it is the intent of the Legislature that the terms and conditions of collateral review and procedural bars to collateral review shall be strictly enforced); Gaffney v. State, 775 So.2d 1000 (Fla. 5th DCA 2000) (defendant prohibited from further filings "unless reviewed and signed by an attorney licensed to practice in the State of Florida"); Hall v. State, 753 So.2d 779 (Fla. 5th DCA 2000) (clerk directed not to accept further pro se pleadings from defendant relating to any prior criminal convictions); Rahymes v. State, 730 So.2d 420 (Fla. 5th DCA 1999) (defendant prohibited from filing any additional pro se appeals, pleadings, motions and petitions; any further pleadings must be reviewed and signed by an attorney, licensed to practice law in this state); Werts v. State, 722 So.2d 982 (Fla. 5th DCA 1999) (defendant prohibited from filing further pro se pleadings regarding his 1984 case).
Like the trial court, this court also issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). In Spencer, the Florida Supreme Court stated that it is important for courts to first provide notice and an opportunity to respond before preventing a litigant from bringing further attacks upon his conviction and sentence. In his response, Maggard basically asserts that he has filed all of his motions and petitions in good faith and that this court cannot block his access to the courts. However, contrary to Maggard's characterization, such an order does not completely bar a defendant from this court. Such defendants simply need to have a valid legal claim, as recognized by a responsible, licensed Florida attorney. See Jackson v. Florida Dep't of Corrections, 790 So.2d 398 (Fla.2001) (court sanctioned defendant by instructing him that it will no longer accept for filing any actions he submits without representation by counsel); Vickson v. Singletary, 734 So.2d 376 (Fla.1999) ("Considering Petitioner Vickson's extremely litigious history, this Court now finds that it must prevent Petitioner from continuing to monopolize this Court's time and energy."); Carnes v. State, 781 So.2d 489 (Fla. 5th DCA 2001) (after issuing Spencer show-cause order, affirming trial court's order precluding Carnes from filing any further pro se pleadings attacking his judgment and sentence and issuing a similar order for this court).
Accordingly, we affirm the trial court's order. We further prohibit John P. Maggard from filing any additional pro se appeals, pleadings, motions and petitions relating to his 1977 murder conviction. Any further pleadings filed in this court relating to his judgment and sentence in that case must be reviewed and signed by an attorney, licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se pleadings or filings from Maggard related to Orange County Circuit Court No. CR76-2770.
THOMPSON, C.J., and PLEUS, J., concur.