PER CURIAM.
We deny Gerald M. McKire’s most recent petition for habeas corpus because petitioner’s allegations of unlawful sentence and trial court error are issues which could have and should have been raised on direct appeal. See Byrd v. State, 597 So.2d 252 (Fla.1992); see also Fla. R.Crim. P. 3.850(f). Indeed, these very issues have been addressed on the merits in multiple previous proceedings and are procedurally barred. See Gaiter v. State, 737 So.2d 565 (Fla. 3d DCA 1999).
Furthermore, in view of the appellant’s abuse of procedure in this case, we direct the clerk of this court to reject any further appeals, petitions, or motions from Gerald M. McKire regarding the conviction and sentences imposed in lower court case no. 87-3572 unless such pleadings are signed by an attorney. See Martin v. Moore, 781 So.2d 1172 (Fla. 3d DCA 2001); Harvey v. State, 734 So.2d 1179, 1180; see also Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999); Dennis v. State, 685 So.2d 1373 (Fla. 3d DCA 1996).
Petition denied.