908 So.2d 332 (2005)
Gus LANIER, a/k/a James Graham, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-1100.
Supreme Court of Florida.
June 30, 2005.
Gus Lanier, pro se, Miami, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
Petitioner's petition for a writ of mandamus, dismissed by the Court as unauthorized on November 1, 2004, is hereby reinstated solely for the purpose of issuing the instant sanction opinion. We have jurisdiction. See Art. V, § 3(b)(8), Fla. Const.
By order of the Court dated November 1, 2004, this case was dismissed as unauthorized, pursuant to Logan v. State, 846 So.2d 472 (Fla.2003). The Court noted that this was the forty-eighth pro se case initiated by petitioner in the Court since 2001. The Court further noted that it has never granted petitioner the relief he has requested in any of the prior proceedings. See Lanier v. Sankel, No. SC02-1004 (Fla. Jan.14, 2005) (transferring petition for writ of mandamus); Lanier v. State, 869 So.2d 539 (Fla. Feb. 23, 2004) (No. SC03-2381) (dismissing discretionary review proceeding *333 for lack of jurisdiction); Lanier v. State, 845 So.2d 891 (Fla. Apr.11, 2003) (No. SC03-583) (same); Lanier v. County Department of Corrections, 845 So.2d 891 (Fla. Apr.11, 2003) (No. SC03-582) (same); Lanier v. County Department of Corrections, 845 So.2d 891 (Fla. Apr.11, 2003) (No. SC03-581) (same); Lanier v. State, 819 So.2d 136 (Fla. May 14, 2002) (No. SC02-1002) (same); Lanier v. State, 819 So.2d 136 (Fla. May 14, 2002) (No. SC02-1001) (same); Lanier v. State, 819 So.2d 136 (Fla. May 14, 2002) (No. SC02-1000) (same); Lanier v. State, 819 So.2d 136 (Fla. May 14, 2002) (No. SC02-999) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 15, 2002) (No. SC02-992) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 15, 2002) (No. SC02-990) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 15, 2002) (No. SC02-989) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 15, 2002) (No. SC02-988) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 15, 2002) (No. SC02-987) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 10, 2002) (No. SC02-943) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 10, 2002) (No. SC02-942) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 10, 2002) (No. SC02-939) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 10, 2002) (No. SC02-938) (same); Lanier v. State, 819 So.2d 136 (Fla. May 8, 2002) (No. SC02-918) (same); Lanier v. State, 819 So.2d 136 (Fla. May 8, 2002) (No. SC02-917) (same); Lanier v. Moore, 819 So.2d 136 (Fla. May 8, 2002) (No. SC02-916) (same); Lanier v. State, 819 So.2d 136 (Fla. May 8, 2002) (No. SC02-915) (same); Lanier v. State, 869 So.2d 539 (Fla. Feb. 20, 2004) (No. SC03-2364) (dismissing extraordinary writ proceeding on authority of Logan); Lanier v. State, 861 So.2d 430 (Fla. Nov. 18, 2003) (No. SC03-744) (same); Lanier v. State, 861 So.2d 430 (Fla. Nov. 18, 2003) (No. SC03-743) (same); Lanier v. State, 861 So.2d 430 (Fla. Nov. 18, 2003) (No. SC03-742) (same); Lanier v. State, 861 So.2d 430 (Fla. Nov. 18, 2003) (No. SC03-741) (same); Lanier v. State, 861 So.2d 430 (Fla. Nov. 18, 2003) (No. SC03-740) (same); Lanier v. State, 861 So.2d 430 (Fla. Nov. 17, 2003) (No. SC03-739) (same); Lanier v. DeMilio, 848 So.2d 1154 (Fla. June 17, 2003) (No. SC02-1839) (same); Lanier v. Kelly, 848 So.2d 1154 (Fla. June 17, 2003) (No. SC02-1006) (same); Lanier v. Rundle, 848 So.2d 1154 (Fla. June 17, 2003) (No. SC02-1005) (same); Lanier v. State, 847 So.2d 977 (Fla. June 11, 2003) (No. SC02-945) (same); Lanier v. State, 847 So.2d 977 (Fla. June 11, 2003) (No. SC02-909) (same); Lanier v. State, 847 So.2d 977 (Fla. June 11, 2003) (No. SC02-908) (same); Lanier v. State, 847 So.2d 977 (Fla. June 11, 2003) (No. SC02-907) (same); Lanier v. State, 847 So.2d 977 (Fla. June 11, 2003) (No. SC02-906) (same); Lanier v. State, No. SC03-1508 (Fla. Sept. 8, 2003) (transferring appeal to Third District Court of Appeal); Lanier v. Cambridge, 842 So.2d 845 (Fla. Mar.28, 2003) (No. SC02-1846) (dismissing discretionary review proceeding as a sanction for petitioner's failure to timely file a jurisdictional brief); Lanier v. Spears, 842 So.2d 845 (Fla. Mar.28, 2003) (No. SC02-1843) (same); Lanier v. Williams, 842 So.2d 845 (Fla. Mar.28, 2003) (No. SC02-1842) (same); Lanier v. Weston, 864 So.2d 400 (Fla. Dec.11, 2003) (No. SC02-1841) (same); Lanier v. State, 842 So.2d 845 (Fla. Mar.28, 2003) (No. SC02-1838) (same); Lanier v. State, 833 So.2d 774 (Fla. Nov.21, 2002) (No. SC02-2137) (dismissing appeal as having been untimely filed); Lanier v. State, No. SC02-2139 (Fla. Oct. 16, 2002) (transferring petition *334 for writ of habeas corpus); Lanier v. State, No. SC02-1435 (Fla. July 3, 2002) (same); Lanier v. Echarte, No. SC01-2772 (Fla. Jan. 22, 2002) (same).
Because petitioner has abused the processes of this Court with his numerous filings, the Court found in its dismissal order that a limitation on petitioner's ability to initiate any further pro se proceedings in this Court may be necessary in order to further the constitutional right of access of other litigants, in that it would permit the Court to devote its finite resources to the consideration of legitimate claims filed by others. See In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (noting that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources"). Accordingly, in the November 1, 2004, order of dismissal, petitioner was directed to show cause why this Court should not impose a sanction upon him for his litigiousness, such as directing the Clerk of this Court to reject for filing any future pleadings, petitions, motions, documents, or other filings submitted by him unless signed by a member in good standing of The Florida Bar.
On November 19, 2004, petitioner responded to the Court's order. Petitioner did address why he feels justified in having filed his numerous petitions and notices to invoke but fails to provide any legal basis whatsoever as to why those petitions were valid. All of petitioner's filings related to his criminal charges and trial, which is still pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida. The Court will not allow its judicial processes to be misused by petitioner in continuing to file meritless petitions.
Petitioner is advised that until such time as his current criminal proceedings have been concluded, any appeal becomes final, and his counsel withdraws, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents, or filings submitted by petitioner unless they are signed by a member in good standing of The Florida Bar. At such time, petitioner must provide to the Court notification of such withdrawal, signed by former counsel, indicating that petitioner is no longer represented by an attorney and seeking leave to file pro se any postconviction papers. Any letters, documents, pleadings, or other items submitted in violation of this order will automatically be placed in an inactive file with no further action taken. This order shall not be construed to prohibit petitioner from instituting pro se postconviction proceedings should petitioner be convicted in his underlying criminal case and that conviction become final.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.