906 So.2d 1055 (2005)
George JEAN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-1441.
Supreme Court of Florida.
June 30, 2005.
George Jean, pro se, Punta Gorda, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
Petitioner, George Jean, filed a petition for a writ of mandamus in this Court. By order of this Court dated November 9, 2004, the petition was transferred to the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida, pursuant to Harvard v. Singletary, 733 So.2d 1020 (Fla.1999). The order noted that this case was the fifteenth case initiated by petitioner, pro se, since August 1997, and ordered petitioner to show cause why he should not be sanctioned for his litigiousness.
Petitioner's previous filings addressed his 1997 conviction and sentence, as well as claims challenging his conditions of confinement. Eight of petitioner's cases were habeas corpus proceedings in which he was not granted relief by this Court. See Jean v. State, No. SC02-486 (Fla. Jun. 5, 2002) (transferring case to a lower tribunal); Jean v. Moore, No. SC01-2699 (Fla. Dec. 12, 2001) (same); Jean v. Moore, No. SC01-2060 (Fla. Oct. 1, 2001) (same); Jean v. State, 821 So.2d 296 (Fla. May 30, 2002) (No. SC01-1536) (dismissing claim for relief against United States Immigration and Naturalization Service and United States Immigration Court for lack of jurisdiction, and transferring remainder of case to a lower tribunal); George v. State, No. 95273 (Fla. May 20, 1999) (dismissing case for lack of jurisdiction to the extent petitioner was seeking review of a district *1056 court decision, and transferring remainder of case to a lower tribunal); George v. Singletary, No. 93279 (Fla. Nov. 9, 1998) (transferring case to a lower tribunal); Geneus v. Cochran, No. 91637 (Fla. Nov. 19, 1997) (same); George v. Cochran, 699 So.2d 1373 (Fla. Sept.12, 1997) (No. 91205) (denying petition without elaboration).
Four of petitioner's cases were discretionary review proceedings in which this Court either dismissed the case for lack of jurisdiction, or dismissed the case as a sanction based on petitioner's failure to file a proper jurisdictional brief in accordance with numerous orders of this Court. See Jean v. Crosby, 838 So.2d 558 (Fla. Feb.5, 2003) (No. SC03-189) (dismissed for lack of jurisdiction); George v. State, 814 So.2d 439 (Fla. Feb.7, 2002) (No. SC02-269) (same); George v. State, 729 So.2d 917 (Fla. Mar.25, 1999) (No. 95131) (same); Jean v. State, 888 So.2d 18 (Fla. Oct.4, 2004) (No. SC03-190) (dismissed as sanction).
One of petitioner's cases was an appeal in which this Court lacked jurisdiction. See Jean v. State, No. SC02-1237 (Fla. Jun. 6, 2002) (transferring appeal to district court). Another case was a mandamus proceeding seeking reinstatement of a case dismissed by a district court. See Jean v. Charlotte Correctional Institution, No. SC04-743 (Fla. Dec.6, 2004).
This Court also noted that the number of pleadings filed by petitioner in the fifteen cases in this Court totaled 119. Because the docketing and processing of each of these pleadings consumed a great deal of this Court's finite resources (mostly due to the incomprehensible nature of most of those filings), we found that a limitation on petitioner's ability to initiate any further pro se proceedings in this Court may be necessary. This limitation would allow us to further the constitutional right of access of other litigants in that it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others. See In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (noting that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources"). Accordingly, in the November 9, 2004, transfer order, petitioner was directed to show cause why this Court should not impose upon him a sanction for his litigiousness, such as directing the clerk of this Court to reject for filing any future pleadings, petitions, motions, documents, or other filings submitted by him unless signed by a member of The Florida Bar.
On January 16, 2005, petitioner responded to this Court's order. Petitioner argued that this Court cannot constitutionally impose a sanction upon him and restrict his access to this Court, citing to the Florida Constitution, the rules of appellate procedure, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Federal Constitution. He also alleged abuse via starvation, and discussed several other occasions where he filed petitions in this Court challenging the conditions of his confinement. Petitioner alleged that the only reason that he has received any relief in these matters was his ability to petition directly to this Court.
Because of petitioner's current and prior allegations of abuse in some of his pleadings, we do not want to unduly limit petitioner's access to this Court by completely barring him from filing proceedings pro se, as the petitioner must be able to seek redress from physical and mental abuse. His meritless and voluminous filings in this Court related to his 1997 conviction and sentence, however, must end.
We therefore exercise our inherent authority to prevent the abuse of the judicial system and bar the petitioner from any future pro se filings related to his 1997 *1057 conviction for burglary in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, case no. 96-17639. The clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents, or filings submitted by petitioner related to the aforementioned case unless signed by a member in good standing of The Florida Bar. Any pleadings, petitions, motions, documents, filings, or other items submitted in violation of this order will be automatically placed in an inactive file with no further action taken.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.