ROTHENBERG, Judge.
Antonio Perez (“Perez”) appeals from the denial of his postconviction “Motion For a New Trial and/or for Judgement [sic] of Acquittal” (“Motion for New Trial”). Finding no error, we affirm.
On September 25, 1992, after a jury trial, Perez was convicted of possession of a firearm by a convicted felon, in violation of section 790.23(1), Florida Statutes (1991), and sentenced to a term of thirty years as a habitual felony offender. Perez appealed and this court affirmed on July 19, 1994. Perez v. State, 639 So.2d 200 (Fla. 3d DCA 1994).
On November 21, 1994, Perez filed a motion for postconviction relief pursuant *410 to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. On January 5, 1995, the trial court denied his motion. On January 10, 1995, Perez filed a motion for rehearing, attaching the testimony of Jesus Brito. The trial court denied the motion and this court affirmed. Perez v. State, 656 So.2d 161 (Fla. 3d DCA 1995).
On April 22, 1996, Perez filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida, which was denied. Perez also sought a writ of habeas corpus in this court, which was denied on November 25, 1998. Perez v. Singletary, 727 So.2d 935 (Fla. 3d DCA 1998).
On March 17, 1999, Perez filed a second motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging newly discovered evidence, attaching the testimony of Ramon Chirino and Jesus Brito. On June 15, 1999, the trial court denied the motion on the basis that it was successive and legally insufficient. Perez’s motion for rehearing was denied on September 23,1999. Perez then filed another habeas petition in this court, alleging that he never received notice of the September 23, 1999 denial of his motion for postconviction relief, and thus, he was unfairly prejudiced. This court denied the petition. Perez v. Moore, 766 So.2d 1055 (Fla. 3d DCA 2000).
On February 12, 2001, Perez filed a third motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging newly discovered evidence. Perez again attached the testimony of Ramon Chirino and Jesus Brito. On March 8, 2001, the trial court denied the motion, explaining that Perez failed to show that he could not have procured the witnesses within the allowable time. Perez filed a motion for clarification or reconsideration, which the trial court denied on April 5, 2002. On May 17, 2002, Perez filed a notice of appeal, which this court dismissed. Perez v. State, 838 So.2d 1167 (Fla. 3d DCA 2002).
On April 16, 2003, Perez filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging, inter alia, that the trial court erred in failing to make the necessary factual findings in imposing a habitual felony offender sentence and that his sentence violated the Eighth Amendment. On May 6, 2003, the trial court denied the motion finding that it was untimely, legally insufficient, and the grounds raised in the motion were raised, or could have been raised, on direct appeal.
Undaunted, Perez filed another motion to correct an unlawful sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) on January 15, 2004, alleging the same errors he alleged in the motion he submitted on April 16, 2003. The trial court denied the motion on the basis that it was legally insufficient, Perez filed a notice of appeal, and this court affirmed. Perez v. State, 876 So.2d 570 (Fla. 3d DCA 2004).
Perez’s next motion was a motion for new trial. On November 28, 2005, the trial court denied the motion finding that it was legally insufficient. After filing a notice of appeal, Perez filed a motion for voluntary dismissal. This court acknowledged the motion for voluntary dismissal, and Perez’s appeal was dismissed on November 15, 2006. Perez v. State, 941 So.2d 385 (Fla. 3d DCA 2006).
On December 5, 2006, Perez filed another Motion For New Trial, which is the subject of this appeal, stating that it was filed pursuant to Florida Rules of Criminal Procedure 3.380, 3.380(a), and 3.600. In this motion, Perez raises six issues. First, Perez alleges that his defense attorney *411 deprived him of a fair and impartial trial by failing to request the trial judge to review the weight of the evidence. Second, he alleges that the trial court fundamentally erred in failing to conduct a Frye hearing on the admissibility of novel scientific evidence. Third, he alleges that the trial court fundamentally erred in failing to provide him, as an indigent defendant, with expert witnesses not “beholden” to the prosecution. Fourth, he alleges that fundamental error was committed because the prosecution’s fingerprint experts were not qualified and the methodology used by them had not yet been accepted. Fifth, he alleges that the trial court fundamentally erred by failing to enter a judgment of acquittal after the State failed to meet its burden of proof. Lastly, he alleges ineffective assistance of trial counsel based on trial counsel’s failure to file various pretrial motions to suppress the fingerprint evidence. On December 12, 2006, the trial court denied the motion on the basis that it was insufficient to support the relief sought. On January 9, 2007, Perez filed a motion for rehearing, which was denied on January 23, 2007, to which Perez now appeals.
Although Perez filed the instant postconviction Motion for New Trial pursuant to rules 3.600 and 3.380, this motion is not cognizable under rule 3.380 as 3.380 pertains to a motion for Judgment of Acquittal raised at the “close of evidence for the state or at the close of all the evidence in the cause,” not for claims raised numerous years after conviction and sentence. We have, therefore, reviewed Perez’s claims as having been filed pursuant to either rule 3.850 or 3.800.
In the first and sixth claims raised by Perez, he alleges ineffective assistance of trial counsel, and thus, we treat these claims as filed pursuant to Florida Rule of Criminal Procedure 3.850(a)(1). These claims are time barred because the motion was filed more than two years after the judgment became final, and the facts surrounding these claims were known, or should have been known, to Perez within the time allowable under the rule. See Fla. R.Crim. P. 3.850(b)(1) (“No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case ... unless it alleges that the facts on which the claim is predicated were unknown to the movant or the mov-ant’s attorney and could not have been ascertained by the exercise of due diligence....”). Moreover, the claims are procedurally barred because Perez could have presented them in any one of his previous motions for postconviction relief. See Fla. R.Crim. P. 3.850(f) (“A second or successive motion may be dismissed ... if new and different grounds are alleged [and] the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.”).
Perez’s second, third, fourth, and fifth claims are all claims Perez could have raised on direct appeal and, therefore, not cognizable under rule 3.850 or 3.800, and are procedurally barred.
This court cautions Mr. Perez that the further filing of procedurally and/or time-barred motions may result in him being barred from filing any further pro se motions in this case, see Maggard v. State, 790 So.2d 506, 508 (Fla. 5th DCA 2001), and subject him to sanctions by the Florida Department of Corrections.
Affirmed.