982 So.2d 626 (2008)
Gus LANIER, Petitioner,
v.
STATE of Florida, Respondent.
Gus Lanier, Petitioner,
v.
State of Florida, Respondent.
Gus Lanier, Petitioner,
v.
State of Florida, Respondent.
Gus Lanier, Petitioner,
v.
Robert L. Parker, etc., Respondent.
Nos. SC07-1568, SC07-1629, SC07-1839 and SC07-2062.
Supreme Court of Florida.
March 27, 2008.
Gus Lanier, Miami, FL, pro se.
PER CURIAM.
Gus Lanier filed a petition for writ of prohibition (Lanier v. State, Case No. SC07-1568), petition for writ habeas corpus (Lanier v. Parker, Case No. SC07-2062), and petitions for writs of mandamus (Lanier v. State, Case No. SC07-1629; Lanier v. State, Case No. SC07-1839), which were consolidated for purposes of consideration and dismissed by the Court on December 14, 2007. Because of his numerous meritless petitions filed in this Court, we retained jurisdiction and ordered Lanier on that date to show cause why this Court should not find that he has abused the legal system process and impose upon him a sanction for such abuse, including, but not limited to directing the Clerk of this Court to reject for filing any future pleadings, petitions, motions, letters, documents, or other filings submitted to this Court by him unless signed by a *627 member of The Florida Bar. We now sanction Lanier.
Petitioner had previously been sanctioned by the Court for abuse of the judicial process, see Lanier v. State, 908 So.2d 332 (Fla.2005), Lanier v. State, No. SC02-2139 (Fla. Oct. 25, 2004) (unpublished). Subsequent to the sanction in 2005, and not including the instant cases, Lanier initiated no fewer than thirteen separate proceedings in this Court in approximately two and a half years. The Court has never granted Lanier the relief he has requested in any of these proceedings. See Lanier v. Parker, No. SC06-2256 (Fla. Nov. 28, 2006) (transferring petition for writ of habeas corpus); Lanier v. Parker, No. SC07-1247 (Fla. July 11, 2007) (same); Lanier v. State, No. SC07-1439 (Fla. Aug. 16, 2007) (transferring petition for writ of mandamus); Lanier v. State, No. SC07-1483 (Fla. Aug. 9, 2007) (transferring appeal); Lanier v. State, No. SC07-1496 (Fla. Aug. 16, 2007) (transferring petition for writ of mandamus); Lanier v. State, No. SC07-1524 (Fla. Aug.15, 2007) (dismissing discretionary review proceeding for lack of jurisdiction); Lanier v. State, No. SC07-1597 (Fla. Aug.24, 2007) (dismissing appeal for lack of jurisdiction); Lanier v. McDonough, No. SC07-1703 (Fla. Oct. 16, 2007) (transferring petition for writ of mandamus); Lanier v. State, No. SC07-1761 (Fla. Oct.15, 2007) (dismissing appeal for lack of jurisdiction); Lanier v. State, No. SC07-1764 (Fla. Oct.17, 2007) (same); Lanier v. State, No. SC07-1843 (Fla. Oct. 3, 2007) (transferring appeal); Lanier v. State, No. SC07-1969 (Fla. Oct.22, 2007) (dismissing appeal for lack of jurisdiction); Lanier v. State, No. SC07-2110 (Fla. Nov. 9, 2007) (same). The Court also notes that currently pending are two petitions from Lanier seeking to invoke this Court's conflict jurisdiction (Lanier v. State, Case No. SC07-1970; Lanier v. State, Case No. SC07-1971).
Lanier has not responded to this Court's order to show cause and therefore has failed to show cause why he should not be sanctioned. He did, however, file a new petition for writ of habeas corpus, on January 11, 2008, seeking to raise a pretrial challenge concerning new criminal charges pending against him (Lanier v. Parker, Case No. SC08-23). This Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant. See, e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992); In re Sindram, 498 U.S. 177, 180, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); May v. Barthet, 934 So.2d 1184, 1187 (Fla.2006); Jean v. State, 906 So.2d 1055, 1056-57 (Fla.2005); Armstead v. State, 817 So.2d 841, 842-843 (Fla.2002); Peterson v. State, 817 So.2d 838, 840-41 (Fla.2002); Jackson v. Fla. Dept. of Corr., 790 So.2d 398, 400-02 (Fla. 2001); Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216, 1217 (Fla.1995). One justification for such a sanction lies in the protection of the rights of others to timely review of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner's filings for certiorari review had a deleterious effect on the Court's fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 ("This Court has a responsibility to ensure every citizen's right of access to the courts. . . . A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others."). As noted by the United States Supreme Court, "[e]very paper filed with *628 the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
Upon a thorough review of Lanier's filings with this Court, we conclude that petitioner's repetitive filings raising criminal pretrial issues has hindered the ability of this Court to resolve those matters that are properly before the Court. Sanctions are merited on this record. Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents, or other filings submitted by Gus Lanier, unless signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Lanier is not wholesale being denied access to the courts. He may petition the Court through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, Lanier's abusive filings must immediately cease. Further, if Gus Lanier continues to abuse the processes of this Court, he may be subject to further contempt proceedings or other appropriate sanctions.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.