PER CURIAM.
 

 Jack Frederick Durie, Jr., filed a pro se petition seeking extraordinary relief from the Court with respect to his 1999 conviction for grand theft entered by the Ninth Judicial Circuit, in and for Orange County, Florida, in
 
 State v. Durie,
 
 Case No. CR97-13255 (Fla. 9th Cir.Ct. Jan. 8, 1999).
 
 [1]
 
 The Court denied the petition on December 7, 2010, because Durie raised the same issues as presented in a prior case, which the Court rejected as unauthorized.
 
 See Durie v. State,
 
 50 So.3d 1137 (Fla.2010) (table).
 

 Although denying relief, the Court retained jurisdiction in this case for purposes of determining whether sanctions were warranted, based upon Durie’s repeated filing of frivolous and abusive actions in this Court attacking his 1999 judgment of conviction. Accordingly, on December 7, 2010, the Court directed Durie to show cause why he should not be barred from filing further pleadings or other papers pertaining to his 1999 judgment unless signed by a member of The Florida Bar in good standing. In the interim, the Court issued an order on March 2, 2011, directing the Clerk of Court not to accept further pleadings or other requests for relief from Durie relating to
 
 State v. Durie,
 
 Case No. CR97-13255, until further order of the Court.
 
 Durie v. State,
 
 No. SC10-1668 (Fla. order filed Mar. 2, 2011). Having reviewed Durie’s response, we now order that any pro se pleadings or other papers submitted by Durie pertaining to his conviction under Case No. CR97-13255 shall be discarded unless signed by a member in good standing of The Florida Bar.
 

 Since March 2007, Durie has repeatedly and unsuccessfully sought relief from this Court pertaining to his conviction in
 
 State v. Durie,
 
 Case No. CR97-13255.
 
 [2]
 
 Durie has filed a substantial volume of documents in the proceedings brought in this Court, on nearly a weekly basis and averaging over 1000 pages in each case. Undaunted by the Court’s dispositions in the prior cases, on August 10, 2010, Durie initiated this case upon filing a petition for writ of habeas corpus. Durie has filed over 1500 pages in support of that petition, many of which include copies of, or revisions to, filings presented in prior cases.
 

 
 *276
 
 This Court has the “inherent judicial authority to sanction an abusive litigant.”
 
 Sibley v. Fla. Judicial Qualifications Comm’n,
 
 973 So.2d 425, 426 (Fla. 2006). In response to the Court’s order to show cause why he should not be sanctioned, Durie did not address the issue of his frivolous and abusive filings. Instead, Durie reasserted the facts and arguments presented in his petition for writ of habeas corpus, previously denied by the Court as successive.
 
 See Durie v. State,
 
 50 So.3d 1137 (Fla.2010). After filing his response, Durie filed an additional twelve documents or letters over the next six weeks. Therefore, on March, 2, 2011, the Court issued an order barring Durie from filing pro se documents until further order of the Court.
 
 Durie v. State,
 
 No. SC10-1668 (Fla. order filed Mar. 2, 2011).
 

 One justification for sanctioning an abusive litigant “lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings.”
 
 Pettway v. McNeil,
 
 987 So.2d 20, 22 (Fla.2008). Sanctioning abusive litigants by prohibiting pro se filings and requiring that all prospective filings with the Court be signed by a member of The Florida Bar in good standing furthers the right of access to the courts. Such a sanction allows the Court to devote its “finite resources to the consideration of legitimate claims of persons who have not abused the process.”
 
 Attwood v. Singletary,
 
 661 So.2d 1216, 1217 (Fla.1995);
 
 see also Pettway,
 
 987 So.2d at 22.
 

 Durie’s response to the show cause order, addressing only the merits of the underlying petition previously denied by the Court, and his express intention to continue raising the same matter, which the Court has determined to be frivolous and abusive in nature, highlight the necessity of the sanction we now impose. In light of Durie’s filing history, “[t]here is a strong inference that unless he is stopped, [Durie] will continue filing nonmeritorious requests for relief in this Court” regarding his conviction and sentence in
 
 State v. Durie,
 
 Case No. CR97-13255.
 
 Pettway,
 
 987 So.2d at 22;
 
 see also Lanier v. State,
 
 982 So.2d 626, 627-28 (Fla.2008);
 
 Tate v. McNeil,
 
 983 So.2d 502, 504 (Fla.2008);
 
 Jackson v. Fla. Dep’t of Corrections,
 
 790 So.2d 398, 401-02 (Fla.2001). Under the sanction herein imposed, Durie is not being denied access to the courts; access is simply being limited due to his abusive and frivolous pro se filings. We cannot tolerate Durie’s continued inability or unwillingness to abide by the legal processes of the judicial system. Therefore, the Court makes clear that, in the event Durie submits a filing in violation of this order, he may be subjected to contempt proceedings or other appropriate sanctions.
 

 Accordingly, to preserve the right of access for all litigants and promote the interests of justice, all pending motions or other requests for relief are hereby stricken as unauthorized. We also direct the Clerk of this Court to accept no pleadings, petitions, motions, notices, or other filings submitted by Jack Frederick Durie, Jr., that are related to his conviction or sentence in
 
 State v. Durie,
 
 Case. No. CR97-13255, unless such filings are signed by a member in good standing of The Florida Bar. All other pending petitions, motions, or requests for relief filed in this cause are hereby denied.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 3(b)(9), Fla. Const.
 

 [2]
 

 .
 
 See, e.g., Durie v. State,
 
 No. SC07-343 (Fla. order filed Mar. 16, 2007) (unpublished) (order transferring petition for habeas corpus to the Ninth Judicial Circuit, Orange County);
 
 Durie v. State,
 
 18 So.3d 527 (Fla.2009) (table) (petition for habeas corpus dismissed as repetitive);
 
 Durie v. State,
 
 42 So.3d 233 (Fla. 2010) (table) (petition for writ of habeas corpus dismissed as unauthorized pursuant to
 
 Baker v. State,
 
 878 So.2d 1236 (Fla.2004)).