# Third District Court of Appeal

**State of Florida**

Opinion filed August 26, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1770
Lower Tribunal No. 87-3572
_____

**Gerald M. McKire,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Gerald M. McKire, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before WELLS, EMAS and LOGUE, JJ.

PER CURIAM.

We strike, as unauthorized, Gerald M. McKire's pro se petition for writ of certiorari. We previously determined that Mr. McKire has engaged in the repeated filing of meritless pro se appeals on the same case below, resulting in our issuance of an order directing the clerk of this court "to reject any further appeals, petitions or motions from Gerald M. McKire regarding the conviction and sentences imposed in lower court case no. 87-3572 unless such pleadings are signed by an attorney." See McKire v. Moore, 826 So. 2d 1023, 1023 (Fla. 3d DCA 2001).

While pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So. 2d 47 (Fla. 1999). As our sister court aptly described it, there comes a point when "enough is enough." Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995). Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, courts must strike a balance between the pro se litigant's right to participate in the judicial process and the courts' authority to protect the judicial process from abuse.

Mr. McKire was previously given the opportunity to show good cause why he should not be prohibited from participating as a pro se litigant in this court. This court thereafter determined that Mr. McKire failed to show good cause, and this court issued its order precluding same. That order remains in effect and Mr. McKire's action in filing the instant petition constitutes a violation of that order.

Therefore, Gerald M. McKire is hereby directed to show cause, within thirty days from the date of this opinion, why this court should not impose sanctions for his violation of this court's prior order prohibiting the filing of any pro se appeals, petitions, or motions regarding lower court case number 87-3572.

Absent a showing of good cause, this court intends to issue written findings which will be forwarded by the clerk of this court to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2012).