745 So.2d 977 (1999)
Castro Jesus FLORES, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-911.
District Court of Appeal of Florida, Third District.
August 25, 1999.
Castro Jesus Flores, in proper person.
Robert A. Butterworth, Attorney General, and Simone P. Firley (Ft.Lauderdale), Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON, and SHEVIN, JJ.
NESBITT, J.
In December 1979, Castro Jesus Flores was convicted of robbery; aggravated assault (two counts); and unlawful possession of a firearm while engaged in a criminal offense. In January 1980, Flores was sentenced to Life, 3 years minimum mandatory, on the robbery conviction, and to five years (3 years minimum) on each of the aggravated assault convictions, each of the sentences to run consecutively. Entry of sentence on the unlawful possession conviction was suspended. Thus, the three crimes' sentences were consecutive, which is permissible. The three minimum mandatory sentences associated with these three crimes (3 years on each) were also consecutive. Flores argues this was impermissible and entitles him to 3.800 relief.
While addressing the issue of consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode, the Supreme Court's statements in State v. Callaway, 658 So.2d 983 (Fla.1995), are directly applicable to the issue at hand. The Supreme Court agreed with the Second District's decision, Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), that resolution of the issue would require an evidentiary determination and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing. Fla.R.Crim.P. 3.850(d). As the court in Callaway, 658 So.2d 983, 987-88 concluded:
In Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) review denied, 613 So.2d 5 (Fla.1992), the court recognized that *978 there are three different types of sentencing errors: (1) an "erroneous sentence" which is correctable on direct appeal; (2) an "unlawful sentence" which is correctable only after an evidentiary hearing under rule 3.850; and (3) an "illegal sentence" in which the error must be corrected as a matter of law in a rule 3.800 proceeding. Id. at 76, 77 & n. 1. We recently explained that an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines. Davis v. State, 661 So.2d 1193 (Fla. 1995). A rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed, and as such, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination.
Whether a Hale sentencing error has occurred will require a determination of whether the offenses for which a defendant has been sentenced arose out of a single criminal episode. We agree with the district court that this issue is not a pure question of law. As the district court recognized, "resolution of this issue depends upon factual evidence involving the times, places, and circumstances of the offense," and often cannot be determined from the face of the record. Callaway, 642 So.2d at 639. In the case at bar, for example, the district court noted that "our records suggest that the two convictions may have arisen out of a single criminal episode at Creasy's Lawn and Tractor Equipment on January 10, 1990, but we have no ability to make a factual determination on the issue." Id. at 638 n. 1. Resolution of the issue will require an evidentiary determination and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing. Fla.R.Crim.P. 3.850(d).
The point is that the error complained of sub judice cannot be considered without an evidentiary hearing and this makes it a claim not cognizable by a 3.800 motion.
Palmer v. State, 438 So.2d 1 (Fla. 1983)(and its progeny) clearly prohibits consecutive minimum mandatory sentences for crimes occurring as part of a single criminal enterprise. See Daniels v. State, 595 So.2d 952 (Fla.1992). Furthermore case law uniformly establishes that the number of victims is not determinative of whether consecutive minimum mandatory sentences can stand. See Marshall v. Dugger, 526 So.2d 143 (Fla. 3d DCA 1988)(concluding where defendant robbed a Winn-Dixie store, holding a gun on several employees in order to effectuate the robbery, Palmer controlled, and the stacking of the minimum mandatory sentences was an illegal sentence). See also Richardson v. State, 500 So.2d 637 (Fla. 1st DCA 1986)(concluding that where defendant was convicted of four counts of aggravated assault and one count of possession of a firearm by a convicted felon, all growing out of a single "stickup," Palmer could be applied retroactively to defendant's sentences, and that the sentences could be attacked by a 3.850 motion, remanding for correction of the sentences to reflect that the minimum mandatory sentences be served concurrently).
However, temporal proximity alone is not determinative of whether consecutive minimum mandatory sentences should be considered illegal. In State v. Thomas, 487 So.2d 1043 (Fla.1986), defendant shot a woman four times in the bedroom of her trailer. While he reloaded his weapon, she managed to get outside to her yard. Defendant followed and shot her again. He also shot at her son, who had come to his mother's aid. He then shot the woman two more times. He was charged with attempted murder of the woman and aggravated assault on the son. The Supreme Court held that these facts showed that the crimes had not occurred at the same time and place, and consecutive minimum mandatory sentences were allowed. Again in Murray v. State, 491 So.2d 1120 *979 (Fla.1986), the Supreme Court concluded that there was more than one criminal episode occurring and therefore, consecutive minimum mandatory sentences could be imposed where a sexual battery occurred in one place and constituted one invasion of the victim, while the robberies committed under the threat of gunpoint occurred in other places and represented a separate and additional violation of the victim.
Flores argues that the record demonstrates that his crimes were all committed on October 16, 1979. However, from Callaway and Thomas we know this alone is not determinative. Flores robbed undercover police officer Thomas Linehan at gunpoint. A chase followed and a shootout ensued between Flores and Officer Linehan and another officer. We agree with the State's position that an evidentiary hearing would be necessary to determine whether these crimes were part of a single criminal episode. See Junco v. State, 510 So.2d 909 (Fla. 3d DCA 1987) (concluding that where robbery occurred while the defendants were present in warehouse, and while murders took place when defendants drove away, consecutive sentences were properly imposed, and discussing distinctions making consecutive mandatory minimum sentences appropriate).
Here, as in State v. Mancino, 705 So.2d 1379 (Fla.1998), defendant's motion attacked the factual basis for the imposition of the minimum mandatory sentences and resolution of this issue depended upon factual evidence involving the times, places, and circumstances of the offenses. Thus, rule 3.850 rather than rule 3.800(a) was the proper procedural vehicle. Relief under that section being time barred,[1] the order under review is affirmed.
NOTES
[1] Flores filed the motion to correct his sentence in 1998. The Supreme Court issued Palmer v. State, 438 So.2d 1 (Fla.1983), which controls the instant claim, three years after defendant's 1980 conviction. Five years later, the Supreme Court issued Bass v. State, 530 So.2d 282 (Fla.1988) concluding Palmer would be applied retroactively. Under Dixon v. State, 730 So.2d 265 (Fla.1999), defendants making a Palmer claim would have a two year window from the issuance of Bass to raise the instant issue. Here, however, defendant did not raise the issue until some ten years later. Thus the claim is clearly timed barred as a 3.850 claim.