PER CURIAM.
In these consolidated appeals/petitions, defendant/petitioner Librun Jean Henri-quez asks us to review his sentences and convictions in circuit court case numbers 89-36124, 90-42756, 90-43492, 90-47121, 92-19531, and 92-27517. Finding no merit to the claims made, we affirm the appeals and deny the petitions sought.
Repeatedly, Henriquez argues that he was deprived of gain time to which he was entitled. The record before us, including the State’s painstaking response in case no. 3D00-685, all confirm that defendant’s gain time has been properly calculated.
Likewise, we find defendant’s claim of double jeopardy to be without merit. Defendant argued that his multiple convictions violated the rule against double jeopardy. The factual determination required to resolve such a claim is precisely the type of claim that we determined to be time barred in Flores v. State, 745 So.2d *3 977, 979 (Fla. 3d DCA 1999), wherein we observed:
Here, as in State v. Mancino, 705 So.2d 1379 (Fla.1998), defendant’s motion attacked the factual basis for the imposition of the minimum mandatory sentences and resolution of this issue depended upon factual evidence involving the times, places, and circumstances of the offenses. Thus, rule 3.850 rather than rule 3.800(a) was the proper procedural vehicle. Relief under that section being time barred, the order under review is affirmed. (Footnote omitted.)
Here, the evidentiary hearing necessary to consider defendant’s claims is simply time barred as was the case in Flores. The fact that defendant’s 1992 sentences were corrected in 1994, and again corrected in 1998, does not make the untimely motion timely. The record does not support defendant’s argument and the time has long passed to make such a claim. Likewise, defendant argues that his sentences are running consecutively when he was promised they would run concurrently. The sentencing documents support the state’s account of the convictions and sentences at issue and demonstrate that defendant is not entitled to the immediate release he seeks.
In response to defendant’s ten pending appeals and petitions, a number of which are no more than regurgitations of previously made arguments, this court issued an order for defendant to show cause why he should not be barred from any future pro se filings seeking to challenge his convictions and sentences in the above cited circuit court cases, other than as relating to his claims of a violation of Peart v. State, 756 So.2d 42 (Fla.2000), as addressed in our opinion of October 4, 2000, case no. 3D00-920.[1]
Defendant has filed a response, which is, however, no more then a duplication of earlier arguments. Thus, we find none of the points raised persuasive. The errors claimed by this defendant are either successive or totally without merit. Thus we conclude that this litigant should be prohibited from pro se filing in this court for any further relief from the convictions and sentences in lower court cases 89-36124, 90-42756, 90-43492, 90-47121, 92-19531, and 92-27517, other than to argue error as to new rulings made by the trial court in its efforts to implement our decision in case 3D00-920. See Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998)(concluding a petition for extraordinary relief is not a second appeal and cannot be used to litigate or relitigate issues which could have been or were raised on direct appeal or in prior post conviction proceedings); see also Ali v. State, 729 So.2d 963, 964 (Fla. 3d DCA 1999); Phillips v. Singletary, 728 So.2d 785, 786 (Fla. 3d DCA 1999).
We do not hesitate to conclude that, if unchecked, defendant’s actions threaten to diminish the ability of this court to devote our resources to the consideration of legitimate claims. We also note defendant’s past history of pro se attacks on his convictions and sentences.[2] See Harvey v. *4 State, 734 So.2d 1179 (Fla. 3 DCA 1999)(concluding pro se prisoner’s abuse of the judicial process by filing six meritless post-conviction motions, a meritless petition for writ of habeas corpus, and a motion seeking correction of sentence, but improperly attacking convictions, justified decision to reject any further pro se appeals, petitions, or motions). As the Fifth District so concisely observed in Price v. State, 717 So.2d 1123 (Fla. 5th DCA 1998), when considering such action, “[ejnough is enough.”
Accordingly, we direct the clerk of this court to reject any further appeals, petitions, or motions from Librun Jean Henri-quez regarding the convictions and sentences imposed in lower case numbers 89-36124, 90-42756, 90-43492, 90-47121, 92-19531, and 92-27517, other than to argue error as to new rulings made by the trial court in its efforts to implement our decision in case 3D00-920, unless such pleadings are signed by an attorney. See Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999); Hall v. State, 690 So.2d 754 (Fla. 5th DCA 1997), review denied, 705 So.2d 570 (Fla.1998); Dennis v. State, 685 So.2d 1373, 1375 (Fla. 3d DCA 1996).
As was the case in Harvey, 734 So.2d 1179, 1180, we caution this defendant that future abuses of the judicial process could result in additional sanctions, including, but not limited to, sanctions under section 944.28(2)(a), Florida Statutes (1999)(pro-viding “all or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court”).
Affirmed.

. Since the issuance of this show cause order, three more appeals have been filed, two of which are exact duplicates.

. See Henriquez v. State, 755 So.2d 127 (Fla. 3d DCA 2000) (Mand.dism.); Henriquez v. State, 751 So.2d 582 (Fla. 3d DCA 2000)(Mand.dism.); Henriquez v. State, 751 So.2d 50 (Fla.2000) (Hab.Corp.den.); Henri-quez v. State, 751 So.2d 50 (Fla.1999)(Hab.Corp.den.); Henriquez v. State, 743 So.2d 523(Fla. 3d DCA 1999) (Pet.den.); Henriquez v. State, 741 So.2d 1135 (Fla.1999) (Rev.den.); Henriquez v. State, 735 So.2d 1285 (Fla.1999)(Hab.Corp.Den.); Henriquez v. State, 736 So.2d 1196 (Fla. 3d DCA 1999) (App.dism.); Henriquez v. State, 731 So.2d *4 649 (Fla.1999)(Rev.dism.); Henriquez v. State, 731 So.2d 672 (Fla. 3d DCA 1999)(Aff'd.); Henriquez v. State, 727 So.2d 906 (Fla 1999)(Mand.dism.); Henriquez v. State, 730 So.2d 688 (Fla. 3d DCA 1999)(Mand.den.); Henriquez v. State, 731 So.2d 672 (Fla. 3d DCA 1999)(Mand.den.); Henriquez v. State, 727 So.2d 906 (Fla.1999) (Hab.Corp.den.); Henriquez v. State, 728 So.2d 230 (Fla. 3d DCA 1999)(Hab.Corp.den.); Henriquez v. State, 727 So.2d 906 (Fla.1998)(Mand.den.); Henriquez v. State, 724 So.2d 616 (Fla. 3d DCA 1998)(Aff'd.); Henriquez v. State, 719 So.2d 287 (Fla.1998)(Rev.dism.); Henriquez v. State, 719 So.2d 907 (Fla. 3d DCA 1998)(Aff'd.); Henriquez v. State, 717 So.2d 1024 (Fla. 3d DCA 1998) (Aff'd.); Henriquez v. State, 717 So.2d 1024 (Fla. 3d DCA 1998)(Mand.den.); Henriquez v. State, 708 So.2d 279 (Fla. 3d DCA 1998)(Mand.den.); Henriquez v. State, 697 So.2d 855 (Fla. 3d DCA 1997)(Mand.den.); Henriquez v. State, 695 So.2d 699(Fla.1997)(Rev.dism.); Henriquez v. State, 695 So.2d 699 (Fla.1997)(Rev.dism.); Henriquez v. State, 694 So.2d 745 (Fla. 3d DCA 1997)(App.dism.); Henriquez v. State, 692 So.2d 900 (Fla. 3d DCA 1997)(Aff'd.); Henriquez v. State, 665 So.2d 228 (Fla. 3d DCA 1995)(Aff'd.)