SEE, Justice.
 

 The Court of Criminal Appeals affirmed the trial court’s dismissal of Willie Albert McCall’s Rule 32, Ala. R.Crim. P., petition for postconviction relief. This Court granted McCall’s petition for the writ of certiorari to address a possible conflict between the Court of Criminal Appeals’ decision and this Court’s decision in
 
 Ex parte Grau,
 
 791 So.2d 345 (Ala.2000). We hold that the Court of Criminal Appeals’ judgment conflicts with prior caselaw, and we therefore reverse that judgment and remand this case.
 

 Facts and Procedural History
 

 Willie Albert McCall was indicted and tried for capital murder and attempted murder and for being a convicted felon in possession of a firearm. He was convicted on the firearm charge and was sentenced to five years’ imprisonment. The jury, however, could not reach a unanimous verdict on the other two charges, and the trial court therefore declared a mistrial. McCall was reindicted and was eventually convicted of murder and attempted murder. He was sentenced to life imprisonment without parole on each conviction. McCall appealed his convictions for murder and attempted murder, and the Court of Criminal Appeals affirmed the trial court’s judgment, without an opinion.
 
 McCall v. State,
 
 919 So.2d 1237 (Ala.Crim.App.2004) (table).
 

 McCall then petitioned the trial court for postconviction relief under Rule 32, Ala. R.Crim. P., alleging ineffective assistance of counsel at both his trial and on
 
 *401
 
 appeal.
 
 [1]
 
 He later amended his petition to allege 12 instances of ineffective assistance. The trial court held a hearing on his motion, at which McCall offered testimony on only 1 of his 12 claims: that his trial counsel’s performance was deficient because counsel had failed to move the trial court to dismiss his capital-murder and attempted-murder indictments
 
 [2]
 
 even though, he argued, the State had promised to nol-pros those indictments if he withdrew his appeal of the firearms conviction. McCall contends that he withdrew his appeal of the firearms conviction but that the State tried him on the charges of capital murder and attempted murder anyway. McCall entered into evidence an appellate brief filed by counsel in the Court of Criminal Appeals, the State’s brief in response, and the Court of Criminal Appeals’ unpublished memorandum, which, McCall stated, were offered to show ineffective assistance of counsel “on the appeal process.”
 

 In response to his claims, the State offered the testimony of McCall’s counsel and of the prosecutor. McCall’s counsel explained his trial strategy. The trial court dismissed McCall’s Rule 32 petition, stating:
 

 “[McCall’s] allegations that the failure of the trial and appellate counsel to do certain things does not indicate how he believes any of those actions would have made a difference in the jury’s findings of guilt. The bare allegations of [McCall] do not rise to the level, either on a legal or practical trial level, of showing the reasonable probability of a different result, and they do not meet the requirements of
 
 Strickland[v. Washington],
 
 466 U.S. 668 (1984).”
 

 See Strickland v. Washington,
 
 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”).
 

 McCall moved the trial court to alter, amend, or vacate its order, arguing that the trial court erred in not making specific findings of fact as required by Rule 32.9, Ala. R.Crim. P.
 
 [3]
 
 The trial court denied that motion. McCall appealed the trial court’s decision, and the Court of Criminal Appeals affirmed, by unpublished memorandum.
 
 McCall v. State
 
 (No. CR-06-0021, Dec. 14, 2007), 19 So.3d 259 (Ala.Crim.App.2007) (table). McCall then petitioned this Court for the writ of certiorari. We granted the writ to determine whether the Court of Criminal Appeals’ decision conflicts with
 
 Ex parte Grau,
 
 791 So.2d 345 (Ala.2000).
 

 Issue
 

 McCall argues that the Court of Criminal Appeals’ decision affirming the trial court’s dismissal of his Rule 32, Ala. R.Crim. P., petition, which was issued after an evidentiary hearing and which did not contain specific findings of fact, conflicts with
 
 Ex parte Grau.
 

 
 *402
 

 Analysis
 

 McCall argues here that the Court of Criminal Appeals’ decision conflicts with
 
 Ex parte Grau
 
 because the trial court did not make specific findings as to the material issues of fact presented in his Rule 32, Ala. R.Crim. P., petition for postconviction relief. Grau was convicted of possession of a controlled substance and possession of drug paraphernalia. The arresting officer found cocaine and drug paraphernalia in the pocket of Grau’s companion, Holly Simmons. The Court of Criminal Appeals affirmed Grau’s conviction without an opinion.
 

 Grau petitioned the trial court for post-conviction relief under Rule 32, Ala. R.Crim. P., alleging that his counsel should have solicited the testimony of an expert witness as to a drug test Grau had taken a few days after his arrest. Grau argued that the “expert testimony would have indicated that, because there was no cocaine in Grau’s system at the time of the test, Grau could not have ingested cocaine shortly before his arrest.”
 
 Grau,
 
 791 So.2d at 346. Grau also argued that “his trial counsel should have subpoenaed Simmons to establish that he did not use the cocaine and did not know that Simmons was in possession of the cocaine and drug paraphernalia.”
 
 Grau,
 
 791 So.2d at 346. The trial court denied Grau’s Rule 32 petition without making any findings of fact on his ineffeetive-assistanee-of-eounsel claim. The Court of Criminal Appeals affirmed.
 

 On certiorari review, this Court concluded that “because the circuit court did not make specific findings of fact, any review of Grau’s claims by the Court would be premature.”
 
 Ex parte Grau,
 
 791 So.2d at 346-47. We stated: “‘Rule 32.9(d), Ala. R.Crim. P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, “[t]he court shall make specific findings of fact relating to
 
 each
 
 material issue of fact presented.” ’ ” 791 So.2d at 347 (quoting
 
 Anglin v. State,
 
 719 So.2d 855, 857 (AJa.Crim.App.1996)). We went on to note that “ ‘[a] statement of the basis of the trial court’s decision is essential to ■afford the appellant due process.’ ” 791 So.2d at 347 (quoting
 
 Owens v. State,
 
 666 So.2d 31, 32 (AIa.Crim.App.1994)). We then reversed the judgment and remanded the case to the Court of Criminal Appeals, with instructions for that court to remand the case to the trial court to make specific findings of fact and to state the basis of its ruling.
 

 Here, McCall, like Grau, petitioned for postconviction relief, alleging ineffective assistance of counsel, and the trial court, like the trial court in
 
 Ex parte Grau,
 
 held an evidentiary hearing, but it did not issue specific findings of fact when it dismissed McCall’s petition. McCall argues, therefore, that the Court of Criminal Appeals should have reversed the trial court’s judgment and remanded the case to allow the trial court to issue specific findings of fact. The Court of Criminal Appeals’ failure to do so, McCall argues, is in conflict with the precedent set forth in
 
 Ex parte Grau;
 
 therefore, its judgment should be reversed and the case remanded. We agree.
 

 The State argues that “[ajlthough McCall sufficiently pleaded some of his claims warranting him an evidentiary hearing, he failed to present any evidence at his evidentiary hearing showing that there was a material issue of fact concerning any of those claims.” State’s brief at 11. Specifically, the State argues that the trial court’s judgment was sufficient because McCall, unlike the petitioner in
 
 Ex parte Grau,
 
 did not present sufficient evidence of any prejudice he suffered as a result of counsel’s allegedly deficient performance.
 
 [4]
 
 Therefore, the State argues,
 
 *403
 
 there was no violation of the Rule 32.9(d) requirement that “[t]he court shall make specific findings of fact relating to each material issue of fact presented.”
 
 [5]
 

 We note that Rule 32.7(d), Ala. R.Crim. P., provides:
 

 “If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition. Leave to amend shall be freely granted. Otherwise, the court shall direct that the proceedings continue and set a date for hearing.”
 

 Thus, a hearing need not be held if the petitioner fails to adequately present a material issue. If, however, the court holds a hearing, then Rule 32.9, Ala. R.Crim. P., provides, in pertinent part, as follows:
 

 “(a) Hearing. Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact ....
 

 [[Image here]]
 

 “(d) Findings of Fact. The court shall make specific findings of fact relating to each material issue of fact presented.”
 

 Thus, the trial court must first determine whether the petition raises “material issue[s] of fact or law ... which would entitle the petitioner to relief under [Rule 32].” Rule 32.7(d). Once a hearing is held on those issues, the trial court is required to make findings of fact as to each of the material issues upon which the hearing was held.
 
 See Ex parte Grau, supra.
 

 [6]
 

 In this case, McCall petitioned for post-conviction relief alleging 12 grounds of ineffective assistance of counsel.
 
 [7]
 
 The trial
 
 *404
 
 court held an evidentiary hearing on the petition. By holding that hearing, the trial court implicitly found that the issues presented were “material issue[s] of law or fact ... which would entitle [McCall] to relief,” Rule 32.7(d), and, under Rule 32.9(d), the trial court therefore had a responsibility to make findings of fact as to each of those issues. Instead of issuing any such findings, however, the trial court dismissed McCall’s petition on the ground that his “bare allegations” of prejudice were not sufficient to state a claim of ineffective assistance of counsel. Although this conclusion may have been an appropriate basis for a summary dismissal of the petition before a hearing was held, once a hearing has been held Rule 32.9(d) requires findings of fact in support of the judgment. Under our decision in
 
 Ex paite Grau,
 
 the trial court’s failure to issue such findings is grounds for reversal. Therefore, the Court of Criminal Appeals’ decision to affirm the trial court’s judgment conflicts with
 
 Ex parte
 
 Grow, and we reverse the Court of Criminal Appeals’ decision and remand the case to that court for proceedings consistent with this opinion.
 

 Conclusion
 

 Because the tidal court failed to issue findings of fact in support of its judgment as required by Rule 32.9(d), Ala. R.Crim. P., the Court of Criminal Appeals’ decision affirming its judgment is in conflict with
 
 Ex parte Grau.
 
 Therefore, we reverse the Court of Criminal Appeals’ judgment and remand the case for further proceedings.
 

 REVERSED AND REMANDED.
 

 LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., recuses herself.
 

 [1]
 

 . The same attorney represented McCall at his trial and on appeal.
 

 [2]
 

 . McCall alleged in his Rule 32 petition that the agreement to nol-pros related to his indictments for capital murder and attempted murder. However, his testimony at the evi-dentiary hearing was that the agreement related to "the capital murder case and first degree robbery.” McCall was not convicted of first-degree robbery, nor is there any indication in the record that he was actually indicted for that offense.
 

 [3]
 

 .Rule 32.9(d) provides: "The court shall make specific findings of fact relating to each material issue of fact presented.”
 

 [4]
 

 . This Court has stated:
 

 "[T]o establish a claim of ineffective assistance of counsel, a petitioner must prove (1)
 
 *403
 
 that counsel did not provide reasonably effective assistance and (2) that counsel’s deficient performance prejudiced the petitioner. ... ‘[To show prejudice, tire] defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' "
 

 Ex parte Land,
 
 775 So.2d 847, 850 (Ala.2000) (quoting
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052).
 

 [5]
 

 . The State apparently confuses a "material issue of fact,” that is, a factual issue that is material to the claim for relief, with a "genuine issue of material fact,” that is, an issue of material fact that is supported by substantial evidence.
 
 See Black's Law Dictionary
 
 708 (8th ed.2004) (defining genuine issue of material fact as "a triable, substantial, or real question of fact supported by substantial evidence”).
 

 [6]
 

 . We stated in
 
 Ex parte Grau:
 

 “
 
 ‘Rule 32.9(d), Ala. R.Crim. P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, ”[t]he court shall make specific findings of fact relating to each material issue of fact presented.”'
 

 [[Image here]]
 

 "Although the circuit court held an evi-dentiary hearing on Grau's claims, the only order that court entered is this notation in the case action summary sheet: ‘Petition for relief from conviction or sentence denied.’ Accordingly, the judgment of the Court of Criminal Appeals is reversed and the case is remanded for that court to remand the case for the circuit court to enter an order pursuant to Rule 32.9, Ala. R.Crim. P., making specific findings of fact as to each issue of fact presented and clearly stating the basis of its ruling on the petition.”
 

 791 So.2d at 347 (quoting
 
 Anglin,
 
 719 So.2d at 857).
 

 [7]
 

 .McCall raised the following grounds for postconviction relief: (1) trial counsel failed to invoke Rule 9.3, Ala. R.Crim. P., which requires that all witnesses who testily on the State’s behalf be removed from the courtroom: (2) trial counsel deprived him of his right to take the witness stand and testify in his own defense; (3) trial counsel failed to object or to move for a mistrial on the ground
 
 *404
 
 that the court failed to admonish the jurors before allowing them to separate during their deliberation; (4) trial counsel failed to secure funds to hire an identification expert to testily in McCall’s defense; (5) trial counsel failed to move to dismiss the indictment on the ground that the State had breached the agreement it reached to nol-pros the original charges; (6) trial counsel failed to request that the jury be polled when it returned the verdict; (7) trial counsel failed to move that the indictment be dismissed on the ground that favorable and material evidence had been intentionally destroyed or lost; (8) trial counsel failed to pursue and present as a defense the planting of or tampering with evidence by the corrupted officers; (9) trial counsel failed to request a mistrial or curative instructions when the trial court erroneously allowed the jury to consider inadmissible hearsay evidence; (10) appellate counsel failed to raise on appeal McCall's challenge to the composition of the venire from which the petit jury was selected; (11) appellate counsel failed to raise on appeal McCall's challenge to the prosecution's exercise of its peremptory strikes to remove males from serving on the petit jury; and (12) appellate counsel failed to properly present on appeal McCall's claim that he was denied a speedy trial.