KELLUM, Judge.
 

 The appellant, Eugene Oliver Andrews, appeals the trial court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his 2004 conviction for manslaughter, and the resulting 20-year sentence. This Court affirmed his conviction and sentence in an unpublished memorandum.
 
 Andrews v. State
 
 (No. CR-04-0055), 945 So.2d 1096 (Ala.Crim.App.2005) (table). A certificate of judgment was issued on September 21, 2005.
 

 On November 21, 2007, Andrews, through counsel, filed a Rule 32, Ala. R.Crim. P., petition in the Houston Circuit Court.
 
 [1]
 
 In the petition, he alleged several allegations of ineffective assistance of counsel.
 
 [2]
 

 On November 28, 2007, before any response from the State, the trial court scheduled an evidentiary hearing.
 

 On December 7, 2007, the State moved for summary disposition of Andrews’s Rule 32 petition. The State argued, in relevant part:
 

 “The Court of Criminal Appeals issued the Certificate of Judgment on September 21, 2005. The limitations period for filing a Rule 32 petition is one year from the date the certificate of judgment is filed. The limitation period is jurisdic
 
 *100
 
 tional in nature. Unless an untimely petition contains claims of a jurisdictional nature, a reviewing court is precluded from even entertaining the petition,
 
 Williams v. State,
 
 783 So.2d 135, 137 (Ala.Crim.App. Oct.27, 2000). The present petition does not raise any jurisdictional claims and therefore the court is without jurisdiction to proceed.”
 

 On December 19, 2007, an evidentiary hearing was held. Andrews, who was represented by new counsel, was the only witness to testify. He testified that his trial counsel was not accessible before trial and that his counsel met with him very few times before trial. Andrews maintained that despite his contention that he acted in self-defense, his trial counsel refused to consider a self-defense strategy. Andrews testified that on the day of trial, his trial counsel allowed the charge to be “changed” from murder to manslaughter without his permission. He also claimed that his trial counsel did not present character witnesses, despite Andrews’s request that he do so.
 

 On that same day, the trial court denied the petition with the following notation: “The Court finds that the allegations of defendant’s Rule 32 petition are not true. It is therefore ordered that defendant’s Rule 32 petition is denied.” This appeal followed.
 

 On appeal, Andrews reasserts his claims of ineffective assistance of counsel and argues that the trial court erred in denying his Rule 32 petition.
 
 [3]
 

 The State maintains that the petition was properly denied because, it says, the petition was untimely. Further, the State specifically asks this Court to affirm the denial of Andrews’s petition on that basis. In the alternative, the State argues that even though the trial court did not deny the petition on the ground that it was untimely, this Court can still affirm the trial court’s judgment if the denial was correct for any reason.
 

 Rule 32.2(c), Ala. R.Crim. P., provides, in relevant part:
 

 “Subject to the further provisions hereinafter set out in this section, the court
 
 shall not
 
 entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) [constitutional violations] and (f) [failure to file a timely appeal through no fault of the petitioner’s], unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R.App.P_The court
 
 shall not
 
 entertain a petition based on the grounds specified in Rule 32.1(e) [newly discovered material facts] unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later .... ”
 

 (Emphasis added.)
 

 The certificate of judgment in this case was issued on September 21, 2005. Andrews filed this Rule 32 petition on November 21, 2007 — over two years after the certificate of judgment was issued. Andrews’s allegations of ineffective assistance of counsel were neither jurisdictional nor newly discovered; therefore, his claim was precluded. Because the claim was precluded, the trial court could have summari
 
 *101
 
 ly dismissed the petition pursuant to Rule 32.7(d), Ala.R.Crim.P. (“If the court determines that the petition is ... precluded ... the court may either dismiss the petition or grant leave to file an amended petition.”).
 

 Rather than summarily dismissing the petition, however, the trial court conducted a hearing and took testimony on the merits of Andrews’s ineffective-assistance-of-counsel allegations. Following the hearing, the trial court denied the petition without making specific findings of fact, as required by Rule 32.9(d), Ala. R.Crim. P. (“The court
 
 shall
 
 make specific findings of fact relating to each material issue of fact presented.”) (emphasis added).
 

 On February 6, 2009, while this case was pending, the Alabama Supreme Court released its decision in
 
 Ex parte Martinez,
 
 [Ms. 1061237, February 6, 2009]. The procedural posture of that case is very similar to the present case, with one notable exception addressed below.
 

 Martinez was convicted of murder on May 14, 2003. This Court affirmed his conviction and sentence, in an unpublished memorandum, on February 20, 2004.
 
 Martinez v. State,
 
 910 So.2d 836 (Ala.Crim.App.2004) (table). A certificate of judgment was entered on March 10, 2004. On September 28, 2005, more than a year after the certificate of judgment was issued, Martinez filed a Rule 32, Ala. R.Crim. P., petition. In the petition, Martinez alleged a number of grounds for relief, including several allegations of ineffec-five assistance of trial counsel. Martinez also argued that he should not be precluded by the time limitations in Rule 32.2(c), Ala. R.Crim. P., because, he argued, his inability to speak English interfered with his ability to pursue postconviction relief. The trial court conducted an evidentiary hearing, then dismissed the petition.
 

 Martinez appealed the trial court’s dismissal of the Rule 32 petition, and this Court affirmed, by an unpublished memorandum, on the ground that the claims were precluded by the limitations period set forth in Rule 32.2(c), Ala. R.Crim. P., a ground not stated in the trial court’s order of dismissal.
 
 Martinez v. State
 
 (No. CR-06-0020, April 20, 2007), 9 So.3d 580 (Ala.Crim.App.2007) (table).
 

 The Alabama Supreme Court granted certiorari review “to determine whether the Court of Criminal Appeals was correct in
 
 sua sponte
 
 applying the limitations period of Rule 32 to Martinez’s petition.”
 
 Ex parte Martinez,
 
 — So.3d at-. The Court concluded:
 

 “We recognize that the present case presents unique circumstances in that, at the trial court level, the State did argue that Martinez’s petition was barred by the applicable one-year limitations period of Rule 32.2(c), Ala. R.Crim. P. However, the trial court heard Martinez’s petition on the merits and issued its ruling; it did not reference the limitations bar of Rule 32.2(c) in its order. The Court of Criminal Appeals,
 
 sua sponte,
 
 applied the limitations period of Rule 32.2(c) to Martinez’s claims. While Martinez’s application for rehearing to
 
 *102
 
 the Court of Criminal Appeals was pending, this Court issued its opinion in
 
 Ex parte Clemons,
 
 [Ms. 1041915, May 4, 2007] — So.3d - (Ala.2007), addressing a court’s
 
 sua sponte
 
 application of a procedural bar [an appellate court cannot apply a procedural bar
 
 sua sponte
 
 ], and while Martinez’s certiorari petition was pending, this Court issued its opinion in
 
 Ex parte Ward,
 
 [Ms. 1051818, June 1, 2007] - So.3d - (Ala.2007) addressing equitable tolling of the limitations period [the 1-year limitation in 32.2(c) is not jurisdictional; however, when a petition is time-barred on its face, the petitioner bears the burden of pleading and proving the doctrine of equitable estoppel]. Under the facts of this case, Martinez did not have the benefit of this Court’s recent rulings in
 
 Clemons
 
 and
 
 Ward
 
 to afford him the opportunity to argue the equitable tolling of the limitations period. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for consideration of Martinez’s claim that he is entitled to the remedy afforded by the doctrine of equitable tolling and, if it decides that he is, whether the trial court was correct in denying Martinez’s petition.”
 

 Ex parte Martinez,
 
 — So.3d at-.
 

 We find Justice Murdock’s concurrence in
 
 Ex parte Martinez
 
 to be especially relevant to this case. He wrote:
 

 “The main opinion reasons that, because the trial court did not reference the bar of the limitations period of Rule 32.2(c), Ala. R.Crim. P., in its judgment, the Court of Criminal Appeals
 
 ‘sua sponte’
 
 applied that bar. From this premise, the main opinion deems
 
 Ex parte Clemons,
 
 [Ms. 1041915, May 4, 2007] — So.3d - (Ala.2007), to be one of two Supreme Court precedents ‘dispositive’ in this case. I do not agree that the issue of the Rule 32.2(c) limitations period was raised
 
 ‘sua sponte
 
 ’ by the Court of Criminal Appeals in the same sense addressed in
 
 Ex parte Clemons.
 
 Accordingly, I find
 
 Ex parte Clemons
 
 to be inapposite.
 

 “In
 
 Ex parte Clemons,
 
 the State did not raise as an affirmative defense in the trial court the procedural bar at issue in that case, namely, a preclusive bar under Rule 32.2(a). The issue this Court addressed, therefore, was whether a preclusive bar under that rule is jurisdictional and thus could properly be raised and addressed by the Court of Criminal Appeals despite the fact that the State had failed to raise it in the trial court. We held in
 
 Ex parte Clemons
 
 that, when such an issue has been waived in the trial court by the State, the appellate court may not raise it
 
 sua sponte.
 
 See
 
 Ex parte Clemons,
 
 — So.3d at-.
 

 “Here, however, the State did not waive the procedural bar at issue (namely, the limitations period of Rule 32.2(c)) in the trial court. To the contrary, the State expressly raised this defense in the motion to dismiss that it filed in the trial court.
 

 “The raising of this issue by the Court of Criminal Appeals, therefore, was not
 
 sua sponte
 
 in the sense addressed in
 
 Ex parte Clemons.
 
 Rather, the Court of Criminal Appeals, without implicating in any way the holding of
 
 Ex parte Clemons,
 
 was able to raise the issue of the limitations period under the general
 
 *103
 
 principle of appellate review that a trial court’s judgment can be affirmed on any legal ground even if that ground was not relied upon by the trial court. See
 
 AG. v. State,
 
 989 So.2d 1167 (Ala.Crim.App. 2007).”
 

 Ex -parte Martinez,
 
 — So.3d at - (footnote omitted).
 

 In this case, as in
 
 Ex parte Martinez,
 
 the State argued that the petition was due to be dismissed because the allegations of ineffective assistance of counsel were time-barred under Rule 32.2(c), Ala. R.Crim. P. The State never waived that contention and, in fact, reasserts that ground of preclusion on appeal as a basis on which to affirm the judgment of the trial court.
 

 Despite the State’s assertion that the petition was precluded, the trial court, like the trial court in
 
 Ex parte Martinez,
 
 conducted an evidentiary hearing and denied the petition without referencing “the limitations bar of Rule 32.2(c) in its order.”
 
 Ex parte Martinez,
 
 — So.3d at -.
 

 However, unlike the situation in
 
 Ex parte Martinez,
 
 Andrews’s Rule 32 petition was filed on November 21, 2007,
 
 after
 
 the Alabama Supreme Court’s decisions in
 
 Ex parte Clemons
 
 and
 
 Ex parte Ward.
 
 Therefore, Andrews did “have the benefit of [the Alabama Supreme Court’s] recent rulings in
 
 Clemons
 
 and
 
 Ward,,”
 
 and he could have argued the doctrine of “equitable tolling” as a means to avoid the limitations of Rule 32.2(c).
 
 Ex parte Martinez,
 
 — So.3d at-,†† At no point did Andrews assert the doctrine of equitable tolling or even argue that his petition should not be subject to the limitations period set forth in Rule 32.2(c), Ala. R.Crim. P.
 

 The due-process concerns that necessitated reversal in
 
 Ex parte Martinez
 
 are not present in this case. Accordingly, pursuant to the long-standing principle that this Court can affirm the judgment of the trial court if it is correct for any reason, see, e.g.,
 
 AG. v. State,
 
 989 So.2d 1167 (Ala.Crim.App.2007), we do not believe that it would constitute error, harmless or otherwise, for this Court to apply the ground of preclusion in Rule 32.2(c), even though the trial court did not reference this ground in its order.
 

 However, we are unable to apply that ground of preclusion and affirm the judgment of the trial court in this case, because the trial court did not make specific findings of fact following the evidentiary hearing. In the recent case of
 
 Ex parte McCall,
 
 30 So.3d 400 (Ala.2008), the Alabama Supreme Court held:
 

 “[A] hearing need not be held if the petitioner fails to adequately present a material issue. If, however, the court holds a hearing, then Rule 32.9, Ala. R.Crim. P., provides, in pertinent part, as follows:
 

 “ ‘(a) Hearing. Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact ....
 

 [[Image here]]
 

 
 *104
 
 “‘(d) Findings of Fact. The court shall make specific findings of fact relating to each material issue of fact presented.’
 

 “Thus, the trial court must first determine whether the petition raises ‘material issue[s] of fact or law ... which would entitle the petitioner to relief under [Rule 32].’ Rule 32.7(d). Once a hearing is held on those issues, the trial court is required to make findings of fact as to each of the material issues upon which the hearing was held. See
 
 Ex parte Grau,
 
 [791 So.2d 345 (Ala.2000) ].
 

 “In this case, McCall petitioned for postconviction relief alleging 12 grounds of ineffective assistance of counsel. The trial court held an evidentiary hearing on the petition. By holding that hearing, the trial court implicitly found that the issues presented were ‘material issued] of law or fact ... which would entitle [McCall] to relief,’ Rule 32.7(d), and, under Rule 32.9(d), the trial court therefore had a responsibility to make findings of fact as to each of those issues. Instead of issuing any such findings, however, the trial court dismissed McCall’s petition on the ground that his ‘bare allegations’ of prejudice were not sufficient to state a claim of ineffective assistance of counsel. Although this conclusion may have been an appropriate basis for a summary dismissal of the petition before a hearing was held,
 
 once a hearing has been held Rule 32.9(d) requires findings of fact in support of the judgment. Under our decision in
 
 Ex parte Grau,
 
 [791 So.2d 3)5 (Ala.2000,) ], the trial court’s failure to issue such findings is grounds for reversal.
 
 Therefore, the Court of Criminal Appeals’ decision to affirm the trial court’s judgment conflicts with
 
 Ex parte Grau,
 
 and we reverse the Court of Criminal Appeals’ decision and remand the case to that court for proceedings consistent with this opinion.”
 

 30 So.3d at 403-04 (emphasis added).
 

 The claims in Andrews’s petition are precluded by the limitations period in Rule 32.2(c), Ala. R.Crim. P. Accordingly, we believe that, based upon our rationale discussed above, the judgment of the trial court denying the petition should be affirmed on that ground, even though that ground was not made the basis of the trial court’s order of denial. However, because the trial court scheduled a hearing before any response from the State was filed, we would not presume that by holding the hearing the trial court “implicitly found that the issues presented were ‘material issue[s] of law or fact ... which would entitle [Andrews] to relief.’ ”
 
 Ex parte McCall,
 
 30 So.3d at 404.
 

 Although it seems a waste of scarce judicial resources to remand this ease for the trial court to enter a new order setting forth its specific findings of fact, we are nevertheless bound by the Court’s holding in
 
 Ex parte McCall.
 
 However, as Presiding Judge Wise has written, we “urge the Alabama Supreme Court to consider amending Rule 32.2(d) so that in future cases, this Court has the discretion to determine whether a remand is necessary.”
 
 Johnson v. State,
 
 976 So.2d 1052, 1053 (Ala.Crim.App.2007) (Wise, J., dissenting).
 

 Based on the foregoing, we remand this cause for the circuit court to enter an order consistent with this opinion. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
 

 REMANDED WITH INSTRUC
 
 *105
 
 TIONS.
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.
 

 [1]
 

 . Although the petition was not filed on the proper Rule 32 form, the trial court treated the petition as a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. The petition was not verified, but this lack of verification was not challenged by the State and is therefore waived.
 
 Smith v. State,
 
 918 So.2d 141 (Ala.Crim.App.2005).
 

 [2]
 

 . According to Andrews, he was represented at trial and on appeal by the same counsel.
 

 [3]
 

 . In his brief to this Court, he cites several new instances of ineffective assistance of counsel. An ineffective-assistance claim based on these instances was not presented to the trial court and will not be considered for the first time in this appeal. See
 
 Dickey v. State,
 
 901 So.2d 750, 756 (Ala.Crim.App.2004).