WELCH, Judge,
concurring in part and dissenting in part.
I join in Judge Joiner’s special writing, concurring in part and dissenting in part, except for footnote 13. I do not find a discussion of an analogy to the Alabama Rules of Civil Procedure to be necessary or helpful, to the resolution of this case. As Judge Joiner has explained, Yeomans v. State, [Ms. CR-10-0095, March 29, 2013] — So.3d - (Ala.Crim.App.2013), and Ex parte McCall, 30 So.3d 400 (Ala.2008), require this Court to remand for further proceedings on the claim addressed in Part II of the main opinion.
In addition to the reasons Judge Joiner has given that, in my opinion, establish that this case must-be remanded, I-submit the following reasons.
The main opinion states:
“•Davis argues that the circuit -court’s summary dismissal of this claim was improper because,,, he -says, ,he was- required only to plead, not to prove, Jiis allegations in order to avoid summary dismissal. Further, Davis argues that it was improper for the - circuit court to consider .the affidavit submitted by the State without affording him an opportunity either to cross-examine Judge Austin or to submit’ affidavits of his own.”
184 So.3d at 423.
Davis is correct on both points, as I will explain below. The majority, however, has concluded that Davis’s claim was not' sufficiently pleaded and that summary dismissal was therefore proper for that reason. I disagree.
,A.
■ Davis alleged in Claim II of his third amended petition:
“20. The jury át Mr. Davis’s capital trial began its deliberations on the question of guilt at 4:00 p.m. on Tuesday, June 10, 1997. R. 342. It deliberated until 5:30 p.m., at which point the trial court excused the jurors" for the day. R. 342. The jury resumed its deliberations at 8:30 a‘.m. on Wednesday, June" 11, 1997, and deliberated until 10:30 a.m. "R. 344. Then the trial court — without prompting from the jury, the defense, or the prosecution, according to the record — instructed the jury to ‘stay focused on the issues’ and to avoid ‘considering] any issue in this case regarding punishment.’ R. 345-46. The jury resumed its deliberations at 10:35 a.m. and found Mr. Davis guilty of capital murder at 11:10 a.m..R. 347.
*456 “21. At the penalty phase, the jury began its deliberations on Wednesday, June 11, 1997, at 4:55 p.m, R. 516. It deliberated until 5:10 p.m., at which point the trial court excused the jurors until the following day. R. 516. The jury resumed its deliberations at 9:00 a.m. on Thursday, June 12,1997, R. 517-18, and recommended that Mr. Davis be sentenced to death by a vote of eleven to one at 11:40 a.m. R. 517-18.
“22. During both the guilt-phase and penalty-phase deliberations at Mr. Davis’s trial, Judge Austin entered the jury room without prompting from the jury. While in the jury room and out of the presence of Mr. Davis, his counsel, the prosecutors, and the court reporter, Judge Austin discussed Mr. Davis’s case with the jurors. During those discussions, Judge Austin told the jury that it was taking too long to reach a decision; that the reason he reinstructed the jury at the guilt phase was that the jury was taking too long to reach a decision; that the victims’ family members had asked Judge Austin why the jury was taking so long to reach a decision; and that the jury’s decision at the penalty phase was only a recommendation. Judge Austin also commented on Mr. Davis’s plea and other evidence in the case and provided .the jurors with additional supplemental instructions about the applicable law. Judge Austin’s statement to the jurors prejudiced the defense by encouraging the jurors to find Mr. Davis guilty of capital murder and to recommend a death sentence.
“28. Neither Mr. Davis nor his trial counsel were informed of any of the ex ‘parte communications between Judge Austin and the jury during the guilt-phase and penalty-phase deliberations at Mr. Davis’s trial. In addition, neither Mr. Davis nor his trial or appellate counsel had any information that such communications had occurred.”
(C. 1579-80.)
After the State filed its motion to dismiss and the affidavit of Judge Austin, Davis replied, alleging, among other things:
“Mr. Davis is entitled to an evidentiary hearing on his claim that the trial court engaged in improper ex parte contacts with the jury. The State argues that the claim should be dismissed summarily on the basis of Judge Robert Austin’s affidavit. But at the pleading stage, Mr. Davis is required to plead, not prove, his claims, Johnson v. State, 835 So.2d 1077, 1079-80 (Ala.Crim.App.2001), and he has done precisely that. Moreover, this Court has not yet admitted the affidavit, and Mr. Davis has not yet had an opportunity to cross-examine Judge Austin regarding it,”
(C. 1832.)
The circuit court denied Davis’s claim on the merits:
“II. DAVIS’S CLAIM THAT JUDGE AUSTIN ENGAGED IN IMPROPER EX PARTE CONTACTS WITH THE JURY IS WITHOUT MERIT.
“12. In part II, pages 8-10 of his petition, Davis alleges that Judge Austin entered the jury room during both guilt phase and penalty phase deliberations and discussed the case with, the jurors.
“13. This Court has considered the sworn affidavit executed by Judge Austin and filed by the State- pursuant to Rule 32.7(a), Ala. R.Crim. P. In his affidavit, Judge Austin specifically denies having any ex parte contact with the jurors during their deliberations. Based on Judge Austin’s affidavit, and the fact that Davis did not proffer a single specific fact in his petition that would refute it, this Court finds that the allegation in *457 part II of his petition is without merit. The allegation in part II is, therefore, denied by this Court, Rule 32.7(d), Ala. R.Crim. P.”
(C. 1985-86: capitalization in original)[12]
When the circuit court went beyond addressing Davis’s claim on a procedural basis and, instead, addressed the merits of Davis’s claim, it implicitly found the existence of a disputed issue of material fact, the resolution of which required the circuit court .to make a factual determination. Otherwise, there would have been no reason to discuss the merits of the claim. Here, the circuit court denied Davis’s claim on the merits based primarily on Judge Austin’s affidavit that was submitted pursuant to Rule 32.7(a).
The main opinion affirms by holding that Davis’s claim was not pleaded with sufficient specificity. ’ Rule 32.3 and Rule 32.6(b), Ala. R.Crim. P. Even if the claim was not pleaded with sufficient specificity, the holding of the main opinion conflicts with Ex parte McCall and Yeomans v. State. In McCall, the Alabama Supreme Court reversed this Court’s judgment affirming a circuit court’s dismissal, on pleading grounds, of a Rule 32 petition; this Court held that McCall had failed to state a claim for relief in the petition. The Alabama Supreme Court explained that a circuit court cannot rely on alleged pleading deficiencies, in a Rule 32 petition as a basis for dismissing claims after the circuit court has held an evidentiary hearing. That Court stated:
“Thus, the trial court must first determine whether the petition raises ‘material issue[s] of fact or law ... which would entitle the. petitioner to relief under [Rule 32].’ Rule 32.7(d). Once a hearing is held on those issues, the trial court is required to make findings of fact as to each of the material issues upon which the hearing was held. See Ex parte Grau, [791 So.2d 345 (Ala.2000)].
“In this case, McCall petitioned for postconviction relief alleging 12 grounds of ineffective assistance of counsel. The trial court held an- evidentiary hearing on the petition. By holding that hearing, the trial court implicitly found that the issues presented were ‘material issue[sj of law or fact ... which would entitle [McCall] to relief, ’ Rule 32.7(d), and, under Rule 32.9(d), the trial court therefore had a responsibility to make findings of fact as to each of those issues. Instead of issuing any such findings, however, the trial court dismissed McCall’s petition on the ground that his ‘bare allegations’ of prejudice were not sufficient to state a claim of ineffective assistance of counsel. Although this conclusion may have been an appropriate basis for a summary dismissal of the petition before a hearing was held, once a hearing has been held Rule 32.9(d) requires findings of fact in support of the judgment.”
30 So.3d at 403-04 (emphasis added; footnote omitted).
*458 Like Judge Joiner, I am- not persuaded by the main opinion’s attempt"to- distinguish this case from Ex parte McCall, The main opinion holds that, because the circuit court did not hold a hearing, or direct the parties to.submit affidavits in lieu of a heaping, McCall does not control. Although the circuit court'did not direct the State to file the affidavit and although Rule 32.7(a), Ala. R'.C’rim, P., permits the State to file affidavits or a certified record with its response, the circuit court here explicitly relied' on the testimony in the affidavit to determine that Davis’s, claim was meritless, and its fact-findings, supporting that determination were based, in part, on the affidavit. Davis had no opportunity to refute the testimony presented by the State or to offer his own witnesses, and the circuit court should have allowed him that opportunity.' See Rule 32.9, Ala. R.Crim. P.
This Court recently reaffirmed that principle in Yeomans. After observing that the circuit court did not give notice to Yeomans that it intended to take evidence by affidavit in lieu of an evidentiary hearing, this Court stated: “Thus, Yeomans was not afforded an opportunity to offer evidence, in the form of an affidavit or otherwise, to counter the affidavit the State offered to disprove Yeomans’s claim.” — So.3d at —. Like Yeomans, Davis was not afforded that opportunity here, and, therefore, the case must be remanded.
B.
Affirmance of the order in this case results in the violation of one of the fundamental tenets of American jurisprudence— the opportunity to be heard.
“In Ex parte Berryhill, 410 So.2d 416, 418 (Ala.1982), we held: ‘The fundamental principle is that the decision' of a court must be based on evidence produced in open court lest the guarantee of due process be infringed.’ See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (‘The essential requirements of due process ... are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.’).”
Ex parte R.D.N., 918 So.2d 100, 104 (Ala.2005).
Because fundamental due process was denied, the main opinion’s affirmance on a ground other than the one relied on by the circuit court is precluded by Alabama case-law. Although the main opinion contains a quotation that, it contends, supports its affirmance of the circuit court’s judgment on a ground other than the one relied on by the circuit court, the quotation actually demonstrates that the circumstances in this case are precisely the type in which an affirmance on other grounds is not permitted. The main opinion relies on the following quotation:
“Because due process is not implicated and Ex parte Clemons [, 55 So.3d 348 (Ala.2007),] is not applicable in this case, this Court may apply the well-settled rule that an appellate court may affirm a circuit court’s judgment’ if that judgment is correct for any reason. As the Alabama "Supreme Court explained in Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala.2003):
“‘Nonetheless, this Court will affirm the trial court oh any valid legal ground. presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. Ex parte Ryals, 773 So.2d 1011 (Ala.2000), citing Ex parte Wiginton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). This *459 rule fails in application only where due-process constraints require some notice at the trial level, %ohich teas omitted, of the basis that would other-, wise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458 (Ala.2002), or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element, Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala.2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala.2003)).’
“881 So.2d at 1020.”
A.G. v. State, 989 So.2d 1167, 1180-81 (Ala.Crim.App.2007) (emphasis added).
As demonstrated above, due process is implicated here, and Davis was denied notice and the opportunity to be heard. Therefore, it is clear, based on the principles of Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala.2003), that this Court is not free to affirm the circuit court’s judgment on a ground other than the one relied on by the circuit court, even if that other ground was valid.
In conclusion, I join in Judge Joiner’s special writing, and, for the foregoing additional reasons, I dissent from the holding in Part II of the main opinion. Principles of due process and fundamental fairness require that this case be remanded for the proper resolution of Claim II.
JOINER, J„ concurs.

. The circuit court’s statement that "Davis did not proffer a single specific fact in his petition that would refute” Judge Austin's affidavit unreasonably faults Davis for failing to anticipate evidence the State might submit and to refute it. At the pleading stage, a petitioner is required only to provide "a clear and specific statement of the grounds upon which relief is sought.” Rule 32.6(b), Ala. R.Crim. P. See, e.g., Ex parte Hodges, 147 So.3d 973, 976 (Ala.2011) (“Indeed, it is somewhat disingenuous for the State to fault Hodges for providing no evidence in support of his allegations when it was the State that successfully persuaded the trial court to forgo a hearing at which such evidence could have been presented!”).